### ADAMS AMES *vs.* THOMAS P. FOSTER & another.

An oral promise of the mortgagee of part of a vessel, made to persons who have furnished her with supplies for which they have no lien on her, to pay the debt if they will not attach the interest of the other part owners, is within the statute of frauds.

WRIT OF REVIEW, dated March 21, 1870, to reverse a judgment recovered in the superior court for this county at July term 1869. Trial, and verdict for the defendants in review, in the superior court, before *Reed*, J. who allowed a bill of exceptions, the substance of which is stated in the opinion.

*J. D. Ball*, for the plaintiff in review.

*S. J. Thomas*, for the defendants in review.

MORTON, J. The only question involved in this case arises under that clause of the statute of frauds which provides that no action shall be brought "to charge a person upon a special promise to answer for the debt, default or misdoings of another, unless the promise, or some memorandum or note thereof, is in writing, and signed by the party to be charged, or his agent." Gen. Sts. *c.* 105, § 1, *cl.* 2.

The plaintiffs in the original action claim to hold the defendant upon the ground of an express promise to pay the amount of a debt due the plaintiffs by the owners of the steamer N. P. Banks, for wood and coal furnished prior to October 1, 1868. At this time, McKay & Aldus, of Boston, owned three fourths of the steamer, and the other fourth was owned by parties in New York. In December 1868 McKay & Aldus went into bankruptcy, having previously mortgaged their interest to the defendant Ames. In the spring of 1869 the plaintiffs heard that the steamer was to be carried to New York to be sold, and they threatened to attach her, and thereupon Ames promised to pay the bill if they would not attach her.

It is to be observed that Ames was not originally liable upon the bill, being merely a mortgagee. *Howard* v. *Odell*, 1 Allen, 85. The plaintiffs do not claim that they had a lien upon the vessel. They had no right to attach the interest of McKay & Aldus, who were in bankruptcy. The only legal consideration, therefore, of the defendant's promise, was the forbearance of the plaintiffs to attach the interest of the New York owners. Upon this state of facts, the learned judge who presided at the trial instructed the jury that "if, for the benefit and at the request of Ames, the said Foster gave up or surrendered some advantage which he had, such as a means of collecting his debt or the like, and in consideration thereof Ames promised to pay this bill, he would be liable, although the promise was not in writing." We do not think that these instructions, applied to the facts of this case, were correct or sufficient. As we have seen, the only consideration of the defendant's promise was that the plaintiffs for-

bore to attach the interest of the New York owners ; and we are of opinion that the jury should have been instructed that such promise was within the statute of frauds.

The defendant's promise was, in its primary and essential character, a promise to guarantee the debt of another. Its object was, to secure the payment of the old debt, which was not extinguished. The defendant's liability was collateral and contingent, would exist as long as the original debt existed, and would be extinguished whenever the original debtors should pay that debt. It was not in any sense his debt ; the original party remained liable ; and there is an entire absence of any liability on the part of the defendant or his property, except such as arises from his express promise. *Forth* v. *Stanton*, 1 Saund. (6th ed.) 211, note. When all these elements concur, we know of no case in this Commonwealth which sanctions the doctrine that such promise loses its character as collateral, and becomes an original promise, be cause there is a consideration which is beneficial to the promisoᵢ.

In *Alger* v. *Scoville*, 1 Gray, 391, 396, Shaw, C. J., says that " it has been held that when the leading and obvious object of the promisor was to induce the promisee to forego some lien, interest, benefit or advantage held by him, and to transfer that interest, or confer that or some equivalent benefit on the promisor, although the effect may be to discharge neither from an obligation, still it is a new, independent and original contract between the parties, and is not within the statute of frauds required to be in writing."

In *Curtis* v. *Brown*, 5 Cush. 488, Shaw, C. J., states that " it is no sufficient ground to prevent the operation of the statute of frauds, that the plaintiff has relinquished an advantage, or given up a lien, in consequence of the defendant's promise, if that advantage has not also directly enured to the benefit of the defendant, so as in effect to make it a purchase by the defendant of the plaintiff. The cases in which it has been held otherwise are those where the plaintiff, in consideration of the promise, has relinquished some lien, benefit or advantage for securing or recovering his debt, and where by means of such relinquishment the same interest or advantage has enured to the benefit of the defendant. In such

cases, although the result is that the payment of the debt of the third person is effected, it is so incidentally and indirectly, and the substance of the contract is the purchase, by the defendant of the plaintiff, of the lien, right or benefit in question."

It is equally true that it is no sufficient ground for taking the case out of the statute, that the defendant has received some benefit from the consideration of his promise. If this were so, then every promise to guarantee the debt of another, made upon a pecuniary consideration paid by the promisee to the promisor, would be taken out of the statute. In all cases, the question is, whether the promise is in substance a promise to pay the debt of another, or whether it is a promise by the promisor to pay his own debt, the extent of which is measured by the amount due by another.

We think the authorities in this state have gone no further than to decide that a case is not within the statute, where, upon the whole transaction, the fair inference is, that the leading object or purpose and the effect of the transaction was the purchase or acquisition by the promisor from the promisee of some property, lien or benefit which he did not before possess, but which enured to him by reason of his promise, so that the debt for which he is liable may fairly be deemed to be a debt of his own, contracted in such purchase or acquisition. *Nelson* v. *Boynton*, 3 Met. 396. *Fish* v. *Thomas*, 5 Gray, 45. *Burr* v. *Wilcox*, 13 Allen, 269. *Furbish* v. *Goodnow*, 98 Mass. 296. Browne on St. of Frauds, (3d ed.) § 214, *c*, *d*.

Applying this test to the facts of this case, it is clear that the promise of the defendant Ames was within the statute. It is true, or probable, that he indirectly received some benefit from the forbearance of the plaintiffs to attach the interest of the New York owners, but the purpose or effect of the transaction was not to transfer to him any lien or advantage. He acquired no rights which he did not before possess, and it is impossible to regard the promise as an original promise founded upon the consideration of a purchase by him. We are of opinion, therefore, that the jury should have been instructed in accordance with the request of the defendant Ames, that the plaintiff upon the facts found was not entitled to recover.                    *Exceptions sustained.*