## WILLIAM H. HAWES & another *vs.* DANIEL J. MURPHY.

Middlesex.    January 15, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Frauds, Statute of.*

An oral promise, in consideration of signing as surety the bond of a third person at the request of the promisor, to save the signer harmless from all loss on account thereof, is not a special promise to answer for the debt, default or misdoings of another within the meaning of R. L. c. 74, § 1, cl. 2.

LATHROP, J. This is an action to recover $1,119.96, with interest thereon, for money paid by the plaintiffs by reason of having signed as sureties at the request of the defendant a bond given in January, 1896, by Thomas F. Hill, as principal, to one Charles H. Hanson.

The plaintiffs' evidence tended to show that in the year 1895 one Thomas F. Hill and one Charles H. Hanson were partners in Lowell as retail liquor dealers and innholders; that in January, 1896, Hanson withdrew from the business and Hill con-

tinued to conduct the same; that the defendant was so interested in the business to be conducted and which afterwards was conducted by Hill, that he, the defendant, was to furnish and did furnish liquors and other articles to Hill at wholesale, under an agreement between the defendant and Hill; that in connection with the withdrawal of Hanson from the business the bond above referred to was executed and delivered to Hanson; that before the signing or execution thereof by the plaintiffs, the defendant requested them to sign and execute the same as sureties therein, and in consideration thereof orally agreed to save them harmless from all loss on account thereof; and that the plaintiffs signed and executed such bond at the defendant's request, relying upon the defendant's promise.

The plaintiffs offered in evidence the original papers and the docket record in the action on the bond in question of Hanson against Hill and the plaintiffs herein, brought in December, 1897, in which judgment was entered for the plaintiff Hanson on December 3, 1900, for $1,015.57 and costs. On December 17, 1900, the plaintiffs paid the amount of the judgment on the bond, which with costs amounted to $1,119.96.

There was also evidence that after the bringing of the action of Hanson against Hill and the plaintiffs, the plaintiffs notified the defendant of the pendency of the action, and the defendant advised the plaintiffs what counsel to employ, but did not himself defend; and that in executing the bond the plaintiffs relied entirely upon the promise of the defendant, and not at all upon the responsibility of Hill, the principal in the bond; that Hill was a man of no property whatsoever, except his interest in the liquor business.

The defendant's evidence tended to show that Hanson never, after the execution and delivery of the bond, except as above set forth, paid any debt or demand existing against the firm of Hanson and Hill mentioned in the bond; that it was agreed by Hanson and Hill in December, 1895, to refer the adjustment of their partnership accounts and all matters connected therewith to the police board of Lowell, Massachusetts, and to give that board full power to adjust all matters and accounts existing between them as partners, and all accounts due from them as partners to third persons, and that they agreed to accept such adjustment as

final and binding upon them; that the board did sit and pass upon the same; that one of the matters considered by the board was a bill of $1,750.99, due from Hanson and Hill to the defendant; that it was found by the board that there was due to the firm of Charles H. Hanson and Company (comprising Hanson and his brother, as equal partners,) from the defendant the sum of $1,582.72, for goods sold and delivered to the defendant; that the board in partial settlement of the bill of $1,750.99 against Hanson and Hill, set off the bill of $1,582.72 due from the defendant to Hanson and his brother, and ordered Hill to pay to the defendant the balance, namely, $168.27; that the parties to the reference agreed to the finding of the board, which finding was to be a final settlement between the parties; that this finding was made about the time the bond was given, and that by reason of the finding there was due from Hanson and Hill to the defendant the sum of $168.27 only (the balance aforesaid) which amount Hill soon afterwards paid; and the defendant contended that no breach of the bond had been committed, and that the judgment in the action on the bond was therefore erroneous.

It further appeared that the bond was made on January 13, 1896; that the money due from Hanson and Hill to the defendant mentioned above was advanced by the defendant for the payment of the indebtedness of Hanson and Hill some time in February, 1896, and that some of the creditors of Hanson and Hill were paid in February, 1896.

It appeared that Hanson and his brother brought an action on June 3, 1896, against the defendant to recover the sum of $1,582.72, and that in November, 1897, judgment in that action was entered, by agreement of the parties, in favor of the defendant, whose answer in the action was that the alleged claim had been paid by set-off in the manner above stated.

There was no evidence that the plaintiffs ever made any effort to collect from the principal in the bond in question the amount paid by them thereon, or that any demand therefor was ever made on the principal.

The defendant requested the judge to rule as follows:

" 1. That the execution of the bond in question by Hill as principal, and the plaintiffs as sureties, made Hill primarily liable to the sureties for any damage they might sustain by rea-

son of signing of the bond; and this defendant's alleged promise of indemnity, if made, was merely collateral and so within the statute of frauds, and this defendant is not liable thereon.

"2. If the plaintiff signed the bond in question relying in part upon the responsibility of Hill, the principal in the bond, and in part on the alleged oral promise of indemnity by the defendant, the defendant's alleged promise, if he made it, was collateral and within the statute of frauds, and the defendant is not liable thereon."

The judge refused to give these instructions.

The case was submitted to the jury under appropriate instructions, to which no exceptions were taken. The jury returned a verdict for the plaintiffs for the full amount claimed.

The only questions of law argued by the defendant are to the refusal to give the instructions requested.

1. The first instruction requested could not have been given. The defendant's promise to the plaintiffs was not "a special promise to answer for the debt, default or misdoings of another" within the statute of frauds, R. L. c. 74, § 1, cl. 2, but was an original promise to save the sureties harmless from all loss on account of their signing as sureties, if the jury believed the testimony of the plaintiffs. This question was submitted to the jury with appropriate instructions. *Colt* v. *Root*, 17 Mass. 229. *Weld* v. *Nichols*, 17 Pick. 538. *Chapin* v. *Lapham*, 20 Pick. 467. *Preble* v. *Baldwin*, 6 Cush. 549. *Aldrich* v. *Ames*, 9 Gray, 76. *Perkins* v. *Littlefield*, 5 Allen, 370. *Collins* v. *Pratt*, 181 Mass. 345, 347.

2. There was no evidence in the case to serve as a foundation for the second request. The evidence for the plaintiffs is that in executing the bond the plaintiffs relied entirely upon the promise of the defendant, and not at all upon the responsibility of Hill; that Hill was a man of no property whatsoever, except his interest in the liquor business. There was no evidence to contradict this.

Other questions which arose at the trial are disposed of by the verdict.

*Exceptions overruled.*

J. W. *McEvoy*, for the defendant, submitted a brief.
J. C. *Burke*, for the plaintiffs.