## EDGAR W. CARLETON *vs.* FLOYD, ROUNDS AND COMPANY & another.

Suffolk.    December 14, 1905. — June 7, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Frauds, Statute of.*

An oral promise by one who is a stockholder in a corporation and is engaged in its business as a salesman, and who is about to acquire the business of the corporation, to pay the debt of a creditor of the corporation if he will refrain from attaching the property of the corporation and putting a keeper in its place of business, is a special promise to answer for the debt of another within R. L c. 74, § 1, cl. 2, on which no action can be sustained without a memorandum in writing signed by or in behalf of the party to be charged.

CONTRACT against Floyd, Rounds and Company, a corporation organized under the laws of this Commonwealth, and A. W. Rounds, doing business under the name of A. W. Rounds and Company, for $587.94. Writ in the Municipal Court of the City of Boston dated January 19, 1901.

The defendant corporation filed a general denial. The answer of the defendant Rounds contained a general denial and set up the statute of frauds.

On appeal to the Superior Court the case was tried before Lawton, J. No question was raised as to parties or pleadings. There was evidence tending to show that about June, 1900, the defendant corporation, doing business in Boston as a wholesale dealer in watches and jewelry, was indebted to the plaintiff in the sum of $587.94 for services performed by the plaintiff for the corporation ; that the defendant Rounds was a stockholder in the corporation and a salesman engaged in its business; that about June, 1900, a creditor of the corporation brought an action against it and attached the property of the corporation at its place of business, putting a keeper in charge ; that the plaintiff and the defendant Rounds had a conversation while the keeper was in possession, in which the plaintiff told Rounds that he also intended to put in a keeper ; that about two days after this conversation, and while the keeper was in

possession, the plaintiff and Rounds had another conversation, in regard to which the plaintiff testified as follows:

" Two days afterwards, he, Rounds, came to me and told me that he had a proposition to make, whereby he could take over the business of the Floyd Rounds Company and have it himself, provided that I would not put in a keeper or do anything to block him from getting possession of the business. Well, I told him that if he would pay me what the concern owed me that I would do nothing to block the business or put in a keeper, and he said he would, that I should be the first one that should be paid. And I therefore didn't put in a keeper, expecting that he would keep his word."

There was further evidence tending to show that the defendant Rounds did acquire, within two or three months after the last conversation, the property and business of the corporation; that the plaintiff saw Rounds at his place of business, and Rounds stated that he had assumed the whole thing and got the business; that the plaintiff requested payment of the amount due him, and, although promised payment from time to time by Rounds, he never was paid.

Upon this evidence the judge ruled that the plaintiff was not entitled to recover against Rounds, and the jury, by direction of the judge, returned a verdict for that defendant. The plaintiff alleged exceptions.

*A. K. Cohen & S. Bamber*, for the plaintiff.

*H. L. Baker & M. Freiman*, for the defendant Rounds.

HAMMOND, J.   This case cannot be distinguished in principle from *Ames* v. *Foster*, 106 Mass. 400.

The following language used by Morton, J. in that case is peculiarly applicable to this: " The defendant's promise was, in its primary and essential character, a promise to guarantee the debt of another. Its object was, to secure the payment of the old debt, which was not extinguished. The defendant's liability was collateral and contingent, would exist as long as the original debt existed, and would be extinguished whenever the original debtors should pay that debt. It was not in any sense his debt; the original party remained liable; and there is an entire absence of any liability on the part of the defendant or his property, except such as arises from his express promise. *Forth* v.

*Stanton*, 1 Saund. (6th ed.) 211, note. When all these elements concur, we know of no case in this Commonwealth which sanctions the doctrine that such promise loses its character as collateral, and becomes an original promise, because there is a consideration which is beneficial to the promisor." In addition to the cases cited in the opinion in that case see also *Brightman* v. *Hicks*, 108 Mass. 246, and *Fullam* v. *Adams*, 37 Vt. 391. The case is clearly distinguishable from cases where the leading object and effect of the transaction is the purchase or acquisition by the promisor from the promisee of some property, as in *Paul* v. *Wilbur*, 189 Mass. 48, cited by the plaintiff, or the discharge of some lien upon the property of the promisor, the benefit of which discharge directly enures to the promisor, as in *Castling* v. *Aubert*, 2 East, 325. Such a transaction is in the nature of a purchase of property or of a property right.

*Exceptions overruled.*