GEORGE LAWLEY AND SON CORPORATION *vs.* LOUIS F. BUFF.

Suffolk.   February 4, 1918. — April 9, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Frauds, Statute of.*

Where, in consideration of the forbearance of the holder of a note made by a cer-
tain corporation to bring a suit against the corporation and an individual person
to reach and apply in satisfaction of the holder's claim property of the corpor-
ation in the hands of the individual person, that person promises to liquidate
the note in monthly payments of $100 each, this is a promise to answer for the
debt of another within the meaning of R. L. c. 74, § 1, cl. 2.

In an action on a promise to pay a note of a certain corporation held by the plain-
tiff, in which the defendant pleaded and relied on the statute of frauds, a letter
signed by the defendant, referring to a previous correspondence in which the
promise was stated, contained the following: "In regard to your statement that
I intended to liquidate the old claim of [the plaintiff] against the Imperial Com-
pany, — this is correct; but please note that I have changed my mind. . . ."
Another letter signed by the defendant, referring to the same correspondence,
contained the following: "My verbal promises to Mr. P were definitely quali-
fied and exactly as your letter said: 'That the company's condition would
soon enable me to pay the claim.'" *Held,* that there was a sufficient memoran-
dum to satisfy the requirement of the statute of frauds, the unambiguous recog-
nition of the alleged contract being none the less sufficient because the letter of
recognition contained an express repudiation of the contract.

CONTRACT for $1,028.64 with interest from November 4, 1913,
upon an alleged promise of the defendant to pay the amount due
on a certain note of the Imperial Machine, Stamping and Welding
Company in monthly payments of $100 each, as stated in the
opinion.   Writ in the Municipal Court of the City of Boston dated
February 28, 1916.

The defendant's answer contained a general denial, and also
set up the statute of frauds, averring that the alleged agreement
was not in writing and that there was no memorandum of it

signed by the defendant within the requirement of R. L. c. 74, § 1, cl. 2.

On removal to the Superior Court the case was tried before *Sanderson*, J. At the close of the plaintiff's evidence, which is described in the opinion, the defendant offered no evidence and asked the judge to order a verdict for him. The judge refused to do this.

The defendant then asked the judge to rule that the agreement alleged in the plaintiff's declaration was within the provisions of R. L. c. 74, § 1, cl. 2, and that on the evidence the plaintiff was not entitled to recover. The judge ruled as requested and ordered a verdict for the defendant, the defendant agreeing that, if such ordering of a verdict was wrong and the judge should have ordered a verdict for the plaintiff as a matter of law, or in case there was evidence which should have been submitted to the jury in support of the plaintiff's declaration, judgment should be entered for the plaintiff in the sum of $1,318.19 with interest from the date of the verdict, October 22, 1917, and costs. By agreement of the parties the judge reported the case to this court for determination of the question whether the rulings of the judge should be sustained. If the ordering of the verdict for the defendant was right, judgment was to be entered on the verdict; otherwise, judgment was to be entered in accordance with the agreement of the parties.

*J. F. Doherty*, for the plaintiff.

*W. P. Everts*, for the defendant.

PIERCE, J. This is an action to charge the defendant on his promise to pay the plaintiff a sum of money due and payable to the plaintiff on a promissory note of the Imperial Machine, Stamping and Welding Company, in consideration of the forbearance of the plaintiff to bring a suit against the maker of the note and the defendant to reach and apply property of the maker of the note in the possession of the defendant, in satisfaction of the plaintiff's claim on the note. That this was a promise to answer for the debt of another within R. L. c. 74, § 1, cl. 2, is plain.

There is no evidence that the plaintiff, the defendant and the maker of the note ever joined in an agreement whereby the defendant, in consideration of the discharge of the obligation of the maker of the note to the plaintiff, agreed to assume and pay the debt secured by the note. *Griffin* v. *Cunningham*, 183 Mass. 505.

Nor is there evidence that the forbearance of the plaintiff to attach the interest of the maker of the note in property in the possession of the defendant transferred to the defendant any interest in that property which he did not before possess. *Nelson* v. *Boynton,* 3 Met. 396. *Dexter* v. *Blanchard,* 11 Allen, 365. *Furbish* v. *Goodnow,* 98 Mass. 296. *Ames* v. *Foster,* 106 Mass. 400. *Carleton* v. *Floyd, Rounds & Co.* 192 Mass. 204. See *Paul* v. *Wilbur,* 189 Mass. 48; *Manning* v. *Anthony,* 208 Mass. 399. We do not think the agreement of the defendant was an original promise, if the fact be as alleged, that the plaintiff and the defendant formally agreed to do and forbear in consideration of their mutual promises.

In support of its action the plaintiff introduced in evidence certain letters between its attorneys and the defendant; and the question raised on the report is, whether the letters of the defendant read in connection with the letters of the attorneys (to which they were replies) constitute a memorandum of the agreement sufficient to bind the defendant under the statute of frauds. R. L. c. 74, § 1, cl. 2.

The letter of the defendant dated September 14, 1914, addressed to the attorneys of the plaintiff, so far as material to the issue, reads: "I have your letter of September 10th. As regards the Imperial Machine Company, — I beg to advise that my desires have not changed as regards my intention to pay off the old accounts of the Imperial Company, altho I am only under a moral obligation to do so." The letter of the attorneys dated September 10, 1914, incorporated by reference in the defendant's letter of September 14, reads: "As you will doubtless remember, Mr. Pattison of this office called upon you last November in reply to your letter of November 3rd concerning a claim amounting to $1,028.64 due George Lawley & Son Corporation from the Imperial Machine, Stamping and Welding Company. It was stated to you at that time that we intended to bring suit and attempt to reach certain assets of that company held by the Henrici Laundry Machinery Company, but upon your assurance that by January you would make arrangements so that this claim would be liquidated by payments of $100.00 each, payable each month, we did not bring any proceedings." From both of these letters, which must be read as parts of one and a single instrument, *Lee* v. *Butler,* 167 Mass. 426, *Nickerson* v. *Weld,* 204 Mass. 346, it sufficiently

appears that George Lawley and Son Corporation in November, 1913, held a claim of $1,028.64 against the Imperial Machine Stamping and Welding Company; that it intended to bring suit and attempt to reach certain assets of that company held by the Henrici Laundry Machinery Company; and that it did not institute any proceedings because of the assurance of the defendant that he would make arrangements so the claim would be liquidated by payments of $100 each, payable each month. In February, 1916, the defendant wrote a letter in answer to a letter of the attorneys, which so far as material reads, "Answering your letter of Feb. 2d, . . . In regard to your statement that I intended to liquidate the old claim of George F. Lawley & Son against the Imperial Company, — this is correct; but please note that I have changed my mind, . . ." On February 24, 1916, the defendant wrote, "Answering your letter of February 15th. . . . My verbal promises to Mr. Pattison were *definitely qualified* and exactly as your letter said: 'That the Company's condition would soon enable me to pay the claim.'"

We think there was a sufficient memorandum to satisfy the requirements of the statute of frauds. The object of the statute is merely to require written evidence signed by the party to be charged. *Hoyle* v. *Hoyle,* [1893] 1 Ch. 84. As the statute affects only the mode of proof, the written unambiguous recognition of the contract and of its terms is sufficient even if it contains an express repudiation of the contract. *Buxton* v. *Rust,* L. R. 7 Ex. 279. *Wilkinson* v. *Evans,* L. R. 1 C. P. 407. *Bailey* v. *Sweeting,* 9 C. B. (N. S.) 843. *Urann* v. *Coates,* 109 Mass. 581, 585.

What we have said disposes of all questions argued on either brief. It follows that a verdict should not have been directed for the defendant, and in accordance with the terms of the report judgment must be entered for the plaintiff in the sum of $1,318.19 with interest from October 22, 1917, and costs.

*So ordered.*