WASHINGTON & DEVONSHIRE REALTY CO., INC. *v.* LOUIS FREEDMAN & another.

Suffolk.  March 5, 6, 1928. — May 26, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Liability for rent.  *Evidence*, Competency.  *Corporation*, Officers and agents, By-laws.  *Agency*, Scope of authority, Ratification.  *Contract*, Consideration.  *Frauds, Statute of.*

A merchant, who was lessee of a building where he carried on business, at a time when he was in arrears on his rent and when the lease had not expired, made an assignment for the benefit of his creditors.  He then organized a corporation, more than one half of the capital stock of which was owned by him and his wife and the rest by his brother; the three constituted the board of directors.  The assignees sold all the stock in trade, furniture and fixtures to the corporation.  The merchant, purporting to act for the corporation, made an agreement with the lessor that it would pay rent and take care of back rent and continue on the same terms as those made with the merchant when he was occupying

individually. Thereafter, when rent was in arrears, the merchant promised that the corporation would pay if given time. The corporation continued to occupy the premises and made eleven payments of rent by its checks over a period of eight months. In an action by the lessor against the corporation for use and occupation, it was *held,* that

(1) A finding was warranted that the merchant in the conversation with the plaintiff induced the plaintiff to accept the defendant corporation as a tenant in his place, thereby surrendering his interest in the lease;

(2) Such a substitution of tenants by agreement would be a surrender of the lease by operation of law, leaving the corporation in possession as a tenant at will and liable for use and occupation as such;

(3) The evidence warranted findings that, even if the merchant was not authorized to make the agreement in behalf of the corporation, it had accepted the benefits of and ratified the agreement made by him in its behalf;

(4) It was proper to submit to the jury the question of the defendants' liability for use and occupation;

(5) A finding was warranted that the merchant had authority for the defendant corporation to pay the amount which he owed for rent when he made the assignment for the benefit of creditors;

(6) Conversation on that subject between the merchant and a representative of the plaintiff was competent;

(7) If, by the agreement as to back rent, the defendant corporation obtained the right to become a tenant of the plaintiff, the statute of frauds, G. L. c. 259, § 1, cl. 2, was no bar to the action against the corporation for the rent due from the merchant at the time of his assignment.

If by-laws of a corporation purporting to limit the authority of an agent are not brought to the attention of a person dealing with the agent, they cannot affect the right of such person to rely on the ostensible authority of the agent.

At the trial of the action above described, there was no error prejudicial to the defendant in the admission of evidence that, in the month following the incorporation of the defendant, one of the merchant's assignees promised to send to the plaintiff a check for the rent and said that the property was being turned over to a corporation, nor in the admission in evidence of the statement of counsel for the defendant corporation, made during negotiations with counsel for the plaintiff concerning the payment of overdue bills for rent and electricity, to the effect that the corporation ought to have the rent reduced.

CONTRACT, with a declaration as amended in six counts, described in the opinion. Writ dated December 24, 1926.

In the Superior Court, the action was tried before *Flynn,* J. Material evidence and exceptions by the defendant corporation respecting evidence are stated in the opinion. At the close of the evidence, the defendant corporation moved that a verdict be ordered in its favor. The motion was denied

as to three counts of the declaration.   The defendant corporation then asked for the following rulings:

"1. Upon all the evidence the plaintiff cannot recover.

"2. There is no evidence of an express agreement directly by the defendant with the plaintiff for the payment of rent.

"3. There is no evidence that the plaintiff let the premises to the defendant.

"4. In the specifications under count 2, the plaintiff alleges that it delivered possession of the premises to the defendant.   If the plaintiff did not deliver possession of the premises to the defendant, the plaintiff cannot recover.

"5. The possession of the premises [was] given by the plaintiff under the written lease to Louis Freedman, as lessee.   Thereafter, the plaintiff did not have the possession to give to any one until the expiration or prior termination of Freedman's lease.

"6. The defendant occupied the premises in question as a tenant of the lessee, Louis Freedman, not as a tenant of the plaintiff.

"7. There was no privity of contract between the defendant and the plaintiff.

"8. There was no privity of estate between the plaintiff and the defendant.

"9. The defendant corporation has not assumed the lease made by the plaintiff to Freedman.

"10. The defendant cannot be hald liable for the amount due from Freedman in November, 1925, in the absence of a promise in writing by the defendant to assume and pay such indebtedness.

"11. The defendant corporation was not bound to pay to any one for the use and occupation of said premises for a period prior to the date when it took possession of said premises.

"12. A treasurer of a corporation has no implied authority to bind his corporation to pay one of his own overdue obligations.

"13. There is no evidence of any express authorization to Freedman to bind the corporation to pay Freedman's debt to the plaintiff.

"14. There was no vote by the stockholders or directors authorizing or ratifying the assumption of any obligations by the corporation under the lease, or any assumption of Freedman's obligation thereunder."

The requests were denied. There were verdicts for the plaintiff on the three counts submitted to the jury amounting in all to $6,742.19. The defendant corporation alleged exceptions.

*M. M. Horblit,* (*R. Harpel* with him,) for the defendant Lewis Diamond Co., Inc.

*J. M. Hogan,* for the plaintiff.

SANDERSON, J.  The plaintiff in this action in separate counts seeks to recover sums alleged to be due for occupation by the defendant corporation of premises in Boston, for electricity furnished by the plaintiff to the defendant corporation, and for certain accrued rent and charges for electricity which one Louis Freedman owed the plaintiff on November 15, 1925, and which, it is alleged, the defendant corporation for a consideration assumed and agreed to pay. This corporation contends that the premises were occupied by it as a sublessee of Freedman and that it owes the plaintiff nothing; and that the promise to pay the debt of Freedman if made is unenforceable because of the statute of frauds.

Freedman, a dealer in jewelry and other merchandise doing business under the name Lewis Diamond Co., Inc., had been a tenant of the plaintiff under a written lease which by its terms would terminate December 1, 1927, and which contained an agreement on the part of the lessee to pay the lessor for all electricity used on the premises, and also a covenant not to assign or sublet without the consent in writing of the lessor. In November, 1925, Freedman made an assignment for the benefit of creditors and thereafter the defendant corporation was organized to carry on the same kind of business as that which had been done by him. The certificate of incorporation was issued February 16, 1926. All of the stock of this corporation was owned by Freedman, his wife, who held more than one half of it, and his brother. These three also constituted the board of directors. The jury could have found that after the cor-

poration was formed Freedman, purporting to act for it, made an agreement with the plaintiff that it would pay rent and take care of back rent and go along on the same terms as those made with Freedman when he was occupying individually. Thereafter when rent was in arrears Freedman promised that the corporation would pay it if given time. The trustees, to whom Freedman's estate was assigned for the benefit of creditors, sold to the defendant corporation all the stock in trade, furniture and fixtures held by them. The jury found for the plaintiff on each of the items already referred to and it was agreed that if the defendant corporation is liable the amounts found to be due are correct.

The original lease provides that it will be terminated by the lessee's bankruptcy. There is no statement in the summary of evidence that a bankruptcy petition had been filed, but the judge stated in his charge that it appeared that Freedman went into bankruptcy. If that statement be assumed to be a fact in the case, the lease was terminated by the bankruptcy. But we need not rest this part of the case on that ground, because the jury could have found that Freedman, in the conversation with the plaintiff's agent, induced the plaintiff to accept the defendant corporation as a tenant in his place, thereby surrendering his interest in the lease. Such a substitution of tenants by agreement would be a surrender of the lease by operation of law. G. L. c. 183, § 3. *Amory* v. *Kannoffsky*, 117 Mass. 351. *Thomas* v. *Cook*, 2 B. & Ald. 119. See *Carlton Chambers Co.* v. *Trask*, 261 Mass. 264.

The trial judge ruled without objection that the defendant corporation was not liable to the plaintiff under the written lease. It was not disputed that the corporation had occupied the premises and used the electricity for which the charges were made. Eleven checks of the corporation which could have been found to be payments for rent were introduced in evidence, the earliest being dated April 2, 1926, and the latest November 23, 1926. Under the counts for use and occupation and for electricity used during the period of occupation, the jury could find that, even if Freedman was not authorized to make the agreement in behalf of the cor-

poration, it had accepted the benefits of and ratified the agreement made by him in its behalf; the liability of the defendant corporation on these counts was properly submitted to them. *North Anson Lumber Co.* v. *Smith,* 209 Mass. 333, 338. *McNeil* v. *Boston Chamber of Commerce,* 154 Mass. 277. *Commissioner of Banks* v. *Tremont Trust Co.* 259 Mass. 162, 179, 180.

The verdict for the plaintiff, based upon the alleged promise of the defendant corporation to pay the amount which Freedman owed for rent when he made the assignment for the benefit of creditors, can stand if there was evidence that Freedman had authority to make the promise for the corporation and if the promise is not one required by the statute of frauds to be in writing. The organization of this corporation to continue the business which Freedman had carried on in the same place, the transfer to it of all his stock in trade in the possession of the trustees, the payment of rent by checks of the corporation, the occupation of the premises by the corporation and the manner in which the corporation was controlled and the business carried on, would justify the jury in deciding that Freedman had actual authority to bind the corporation by a contract made in its behalf for a place in which to carry on its business. *Danforth* v. *Chandler,* 237 Mass. 518, 522. *Irwin* v. *Worcester Paper Box Co.* 246 Mass. 453. *Gerrish Dredging Co.* v. *Bethlehem Shipbuilding Corp.* 247 Mass. 162, 167. *Anglim* v. *Sears-Roebuck Shoe Factories,* 255 Mass. 334, 338. By-laws of the corporation purporting to limit the authority of an agent not brought to the attention of a person dealing with the agent cannot affect the right of such person to rely on the ostensible authority of the agent. *Produce Exchange Trust Co.* v. *Bieberbach,* 176 Mass. 577, 581, 582. *North Anson Lumber Co.* v. *Smith, supra.* The conversation between Freedman and a director of the plaintiff was competent.

The mere fact that there is a valuable consideration for a promise to pay the debt of another does not take a case out of the statute of frauds. *Ribock* v. *Canner,* 218 Mass. 5. It does not appear from the evidence that the liability of Freedman for the back rent was extinguished by the defend-

ant corporation's promise.    See *Curtis* v. *Brown,* 5 Cush. 488, 492.    If by the contract the defendant corporation obtained the right to become a tenant of the plaintiff, the defendants cannot successfully contend that the agreement is unenforceable because of the statute of frauds.    G. L. c. 259, § 1, cl. 2. "That section does not apply where the promisor receives something from the promisee for his own benefit." *Paul* v. *Wilbur,* 189 Mass. 48, 52.    *Allen* v. *Leonard,* 16 Gray, 202. A case is not within the statute when "the leading object and effect of the transaction is the purchase or acquisition by the promisor from the promisee of some property, as in *Paul* v. *Wilbur,* 189 Mass. 48, . . . or the discharge of some lien upon the property of the promisor, the benefit of which discharge directly enures to the promisor, as in *Castling* v. *Aubert,* 2 East, 325.    Such a transaction is in the nature of a purchase of property or of a property right." *Carleton* v. *Floyd, Rounds & Co.* 192 Mass. 204, 206.

In *Lennox* v. *Haskell,* 253 Mass. 334, there was no express promise of the corporation to assume the accrued rent, no surrender of the lease, and the corporation was a tenant of the lessee.

The testimony as to the manner of keeping the account by the plaintiff's real estate agent and as to the notice to quit, and the other testimony tending to prove that Freedman continued to be liable as lessee, were to be weighed by the jury, and present no question of law.    No prejudicial error appears in admitting evidence that in March, 1926, one of the trustees holding Freedman's property under the common law assignment promised to send a check for the rent and said that the property was being turned over to a corporation, nor in admitting in evidence the statement of counsel for the defendant corporation, made during negotiations with counsel for the plaintiff concerning the payment of overdue bills for rent and electricity, to the effect that the corporation ought to have the rent reduced.

*Exceptions overruled.*