JOSEPH M. KAHN *vs.* SARAH WALDMAN & others.

Essex.    October 25, 1932. — June 28, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Contract*, Construction, Consideration. *Frauds, Statute of. Bills and Notes*, Indorser. *Guaranty. Words*, "Indorsement."

Where, after default in the conditions of both a first and a second mortgage upon certain land and after the first mortgagee had commenced foreclosure proceedings, the second mortgagee, a woman, desiring to forestall the foreclosure and to acquire title to the land through a foreclosure of the second mortgage, promised the first mortgagee that if he would forbear his foreclosure, she would make all payments due and to become due on the first mortgage note, which was not then due, to which the first mortgagee assented on the condition that she would indorse his note, such agreement contemplated that the first mortgagee not only should abstain from completing the foreclosure proceedings already commenced by him, but also should abstain, at least for some time, from attempting to foreclose his mortgage.

Such promise by the first mortgagee, followed by actual forbearance by him to foreclose for a reasonable period of time, constituted valid consideration for the promise of the second mortgagee.

The mere circumstance, that the publication of notice in the foreclosure proceedings commenced by the first mortgagee as above described was not strictly in conformity to G. L. (Ter. Ed.) c. 244, § 14, did not affect the sufficiency of the consideration for the second mortgagee's promise.

Although the transaction between the first mortgagee and the second mortgagee above described did not extinguish the liability of the maker of the first mortgage note, the controlling purpose of the second mortgagee in making the agreement was not the furnishing of her credit to the obligation of the maker, but was the prevention, for her own benefit, of the foreclosure of the first mortgage and the immediate opportunity of acquiring title to the land; and, notwithstanding that the agreement was oral, it was not within the operation of the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Second, and its enforcement by the first mortgagee was not barred thereby.

The word "endorsement" in G. L. (Ter. Ed.) c. 107, § 90, must there be given the meaning of "endorsement completed by delivery," that is, by transfer of possession, actual or constructive, from one person to another. ·

The second mortgagee, pursuant to the agreement above described, having indorsed the first mortgage note in the possession of the first mortgagee, she was not an indorser for his accommodation within the meaning of G. L. (Ter. Ed.) c. 107, § 87, because her indorsement was not made "before delivery," nor an indorser within the provisions of § 90, as above construed, because there was no delivery; by her signature on the note after it had been signed and delivered by the maker, for her own benefit and in pursuance of a new and independent agreement with the first mortgagee founded on new consideration, she became a guarantor of the maker's obligation to the first mortgagee and not the kind of indorser whose liability is defined in said c. 107; and she could be held liable by the first mortgagee upon such contract of guaranty.

BILL IN EQUITY, filed in the Superior Court on November 3, 1931, and afterwards amended, described in the opinion.

The bill was dismissed as to all the defendants except Sarah Waldman. The suit was referred to a master. Material facts are stated in the opinion. By order of *Whiting*, J., a final decree in the plaintiff's favor was entered. The defendant Waldman appealed.

The case was submitted on briefs.

*A. Kobrin & L. Kobrin*, for the defendant Sarah Waldman.

*J. V. Phelan & H. C. Mamber*, for the plaintiff.

DONAHUE, J. This is a bill to reach and apply property of the defendant Sarah Waldman, hereinafter referred to as the defendant, to the satisfaction of a debt alleged to be due from her to the plaintiff. The case was heard by a master and comes to this court on the appeal of the defendant from a final decree in favor of the plaintiff, entered on the master's report. The plaintiff was the holder of a first mortgage and the defendant the holder of a second mortgage on certain real estate in Lynn. In early January, 1930, the mortgagors were in default of the conditions of both mortgages. The plaintiff started foreclosure proceedings under the power of sale in his mortgage. Before a sale was held, the defendant, who desired to forestall the foreclosure of the plaintiff's mortgage and to take title herself subject to the mortgage held by the plaintiff through a

foreclosure of her mortgage, stated to the plaintiff that she wanted "to take over the whole proposition" and in substance that if the plaintiff would forbear foreclosing his mortgage, she would make all payments due and to become due on the note held by him. To this the plaintiff assented on the condition that the defendant would indorse that note, which was not due until June 5, 1930. The defendant indorsed the note on January 20, 1930, and paid at that time all sums then due thereon, the expenses of the plaintiff's proceedings to foreclose his mortgage and the amount of the premium of a fire insurance policy on the premises which he had paid. Thereafterwards the defendant foreclosed her mortgage and took title to and possession of the property. She paid the plaintiff prior to their due dates the interest payments coming due March 5, June 5, and September 5, and at the plaintiff's request paid him $250 on May 29 and the same amount on August 30 on account of the principal. She refused to pay the interest coming due on December 5 or any other payments on account of the note. The plaintiff duly foreclosed his mortgage by a sale conducted fairly and in good faith and sold to the highest bidder for $4,800. The unpaid balance of the principal was then $6,000. The final decree establishes as a debt due to the plaintiff the amount of the unpaid principal and interest due on the plaintiff's mortgage note after crediting the amount received at the foreclosure sale.

The defendant orally agreed with the plaintiff that she would make the payments required by the terms of the note which the plaintiff held. In turn the plaintiff agreed to give up for a time his right to foreclose his mortgage. The result of the transaction was that the plaintiff relinquished the present exercise of a right which he possessed and the defendant acquired the benefit which she sought, that is, the foreclosure of her second mortgage and the acquisition of title and possession. There was legal consideration for the plaintiff's promise. *Boyd* v. *Freize*, 5 Gray, 553. *Lane* v. *Flint*, 217 Mass. 96. *Manson* v. *Flanagan*, 233 Mass. 150. *Dondis* v. *Lash*, 277 Mass. 477, 486. The fact that in the foreclosure proceedings which had been begun by the

plaintiff, the first publication of notice of the sale was less than twenty-one days before the date set for the sale and thus not in compliance with the statute (G. L. [Ter. Ed.] c. 244, § 14) does not here affect the result. On the facts found by the master the undertaking of the plaintiff was more than the mere abstention from completing the particular foreclosure proceedings which he had started. The conclusion is warranted that the undertaking of the parties was that the plaintiff should not for some time, at least, attempt to foreclose. Although the term of forbearance was not set by the parties, an agreement to forbear followed by actual forbearance for a reasonable time constituted sufficient consideration for the defendant's promise. *Howe* v. *Taggart,* 133 Mass. 284, 287.

The defendant has pleaded the statute of frauds (G. L. [Ter. Ed.] c. 259, § 1, Second). The mere fact that there was an adequate consideration for the defendant's promise does not take the case out of the operation of the statute. *Washington & Devonshire Realty Co. Inc.* v. *Freedman,* 263 Mass. 554, 559. The obligation of the original debtor, the maker of the note held by the plaintiff, was not extinguished by the transaction of the parties and if in making her promise the defendant was simply furnishing security for the payment of the original debt she made a promise to answer for the debt of another. *Ames* v. *Foster,* 106 Mass. 400, 402. *Nelson* v. *Boynton,* 3 Met. 396, 400. Here however the controlling purpose or direct object of the defendant was not the furnishing of her credit to the obligation of the original debtor but was the prevention, for her own benefit, of the foreclosure of the mortgage held by the plaintiff and the immediate opportunity of acquiring title in fee to the real estate subject only to the plaintiff's mortgage. "The defendant's promise . . . was to pay a debt for which the property could have been held, and, the plaintiffs' forbearance to press the right of foreclosure having been a sufficient consideration to support the promise, the ruling that the contract was independent of the statute was right." *Manning* v. *Anthony,* 208 Mass. 399, 403. *See* v. *Downey,* 256 Mass. 47, 51–52. *Paul* v. *Wilbur,* 189

Mass. 48, 52. *Washington & Devonshire Realty Co. Inc.* v. *Freedman,* 263 Mass. 554, 559. Since no memorandum of the oral agreement was necessary to avoid the operation of the statute of frauds we do not need to consider the plaintiff's suggestion that he be permitted to write in above the defendant's signature on the note words expressing the contract of guaranty.

The plaintiff's bill as amended alleges a guaranty by the defendant of the debt secured by the mortgage held by the plaintiff, and facts found by the master warrant the finding that such a guaranty was made. The defendant however argues that she has solely the status of an indorser for the accommodation of the plaintiff and that therefore under the negotiable instruments law she is not liable to the plaintiff. The section of the statute on which she relies formulates the rules of liability of one indorsing an instrument in blank. It excludes liability to the payee of an indorser for the payee's accommodation. But that section in terms applies only to the situation "Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery." G. L. (Ter. Ed.) c. 107, § 87. Section 90 reads: "Where a person places his endorsement on an instrument negotiable by delivery he incurs all the liability of an endorser." The word "endorsement" must there be given the meaning of "endorsement completed by delivery," that is by "transfer of possession, actual or constructive, from one person to another." G. L. (Ter. Ed.) c. 107, § 18. There was here no such delivery. The defendant wrote her name on the back of the note more than seven months after it was signed by the makers, for her own and not for their benefit or advantage, as a result of a new and independent contract founded on a new consideration, furnished by the plaintiff. She was not the kind of indorser the character of whose liability is declared by said § 87 or elsewhere defined in the negotiable instruments law. Apart from that statute, in this Commonwealth, where a third party pursuant to a new and independent contract of guaranty not within the statute of frauds made on good and sufficient consideration furnished by the holder

indorses a note after delivery he may be held liable in a suit on the contract of guaranty. *Stone* v. *White*, 8 Gray, 589, 596. *Tenney* v. *Prince*, 4 Pick. 385. *Mecorney* v. *Stanley*, 8 Cush. 85. *Scott* v. *Calkin*, 139 Mass. 529. *National Bank of the Republic* v. *Delano*, 185 Mass. 424. The case of *Goodman* v. *Gaull*, 244 Mass. 528, on which the defendant strongly relies is distinguishable because there the defendant was sued as an indorser and not on a guaranty, because in that case there were no circumstances from which it could be found that the defendant actually undertook to guarantee the note, and because, although the indorsement was written shortly after the maker signed, it was made pursuant to an agreement between the indorser and payee entered into a few days before the maker signed. It is generally held that an indorsement made under such circumstances relates back to the time of the making of the note. *Oxford Bank* v. *Haynes*, 8 Pick. 423, 427. *Hawkes* v. *Phillips*, 7 Gray, 284. *National Bank of the Republic* v. *Delano*, 185 Mass. 424.

*Decree affirmed.*