·FALLS RUBBER COMPANY OF AKRON, INC. *vs.* GEORGE
APPLEBAUM.

Suffolk.    January 9, 1934. — March 27, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Bills and Notes,* Acceptance.    *Trade Name.    Corporation,* Organization,
Use of corporate name as trade name.

At the trial in a municipal court of an action of contract upon an order
upon "The State Rubber Co. Inc.," it appeared that the order bore
upon its face, under the date April 21, the statement "Accepted . . .
State Rubber Co Inc Trade Name By" the defendant "Treas Signa-
ture of Acceptor"; that on March 1 the defendant and two others
had associated themselves with the intention of forming a corporation
to be known as State Rubber Co., Inc., and had held the first meeting
pursuant to G. L. c. 156; that articles of organization were not filed
with the commissioner of corporations and taxation until May 21;
and that a charter was issued on that day.    The defendant testified
that after March 1 he "conducted business as the State Rubber Co.,
Inc., . . . doing business as a corporation."    The judge found that,
on the date of the acceptance, the defendant conducted business as
the State Rubber Co., Inc., but that the State Rubber Co., Inc., was
not incorporated at that time, and found for the plaintiff.    Upon
appeal from an order of an appellate division dismissing a report, it
was *held,* that
    (1) Upon the evidence and under G. L. c. 156, § 12, findings were
warranted that the corporation was not organized at the time of
the acceptance, and that at that time the defendant as' an individual
was doing business under the trade name in which the acceptance
was signed;
    (2) One who does business under a trade name may be liable upon
paper executed by him in that name;
    (3) The finding for the plaintiff was warranted.

CONTRACT.    Writ in the Municipal Court of the City of
Boston dated January 30, 1929.

In the Municipal Court, the action was heard by *Dowd,* J.
Material evidence, and findings and rulings by him, are
described in the opinion.    He found for the plaintiff in ·
the sum of $1,072.32 and interest, and reported the action
to the Appellate Division.    The report was ordered dis-
missed.    The defendant appealed.

The case was submitted on briefs.

*J. Spiegel, H. D. Wasserman, & G. M. Yaghjian,* for the defendant.

*W. A. Lackey & J. A. Mahoney,* for the plaintiff.

WAIT, J. The plaintiff brings this action against George Applebaum individually. It declares that on April 21, 1928, it drew an order payable to itself on the defendant, who, on presentation, duly accepted and promised to pay it; but, on presentation for payment refused to pay; and that subsequently the defendant paid $300 on account, and now owes the balance with interest and protest fees. A second count makes similar allegations, except as to payment on account, with regard to a second order. Copies of the orders annexed to the counts read as follows: "$686.16 Cuyahoga Falls, Ohio, April 21, 1928. No. A 508 July 10, 1928 Pay to the Order of, Ourselves......Six Hundred Eighty-six Dollars and 16/100..... :. Dollars The obligation of the acceptor hereby arises out of the purchase of the goods from the drawer. To The State Rubber Co. Inc. Boston Mass. The Falls Rubber Company By G. O. Kratz, Pres." "$686.16 Cuyahoga Falls, Ohio, April 21, 1928. No. A 507 August 10, 1928 Pay to the Order of Ourselves......Six Hundred Eighty six Dollars and 16/100......Dollars The obligation of the acceptor hereby arises out of the purchase of the goods from the drawer. To The State Rubber Co. Inc. Boston, Mass. The Falls Rubber Company By G. O. Kratz, Pres." The answer was general denial and payment. At the trial the original orders were introduced. They corresponded with the copies annexed to the declaration. There was evidence that George Applebaum accepted them by writing upon the face of each on April 21, 1928. On the face appeared: "Accepted 4/21/28 Payable at State St Trust Co. Location Boston Mass State Rubber Co Inc Trade Name By Geo. Applebaum Treas Signature of Acceptor." The plaintiff introduced a certified copy from the office of the commissioner of corporations and taxation of articles of organization of the State Rubber Co., Inc., which showed that on March 1, 1928, James Applebaum, Fred Applebaum and George Applebaum associated themselves with

the intention of forming a corporation pursuant to G. L. c. 156 to be known as State Rubber Co., Inc.; and, notice being duly waived, held a first meeting on that day, voting a capital stock of two hundred shares of a par value of $100, of which Fred Applebaum subscribed for one share, George for twenty-nine and James for two shares of the thirty-two shares then to be issued. Fred was elected president; George, treasurer; and James, clerk, and the three were elected as directors. The certificate showed also that the articles of organization were filed in the office of the commissioner on May 21, 1928. A charter as a corporation issued on May 21, 1928. The defendant testified that from and after March 1 "I conducted business as the State Rubber Co., Inc., . . . doing business as a corporation," and, on cross-examination, testified "We were incorporated when this took place," referring to the making and acceptance of the drafts. The judge found that, at the date of the acceptances, the defendant conducted business as the State Rubber Co., Inc., but that the State Rubber Co., Inc., was not incorporated at that time. He refused to give seven requests for instructions which sought, in various forms of expression, rulings that it was not open to the plaintiff to contend that the corporation was not then doing business; that it was a principal for which George Applebaum was an agent; that the orders were orders on the corporation and that the defendant was a duly authorized agent who could not be held, as an individual, liable on the acceptances. Not one of the requests asked a ruling that the evidence would not support findings that the defendant was carrying on business on March 1 under the trade name, State Rubber Co., Inc. The judge found for the plaintiff. On report the Appellate Division decided that no prejudicial error existed, and ordered the report dismissed. The defendant appealed.

G. L. c. 156, § 12, provides in part: "The existence of every corporation organized under general laws shall begin upon the filing of the articles of organization in the office of the state secretary." We need not consider whether for any purpose and under any circumstances a corporation may be bound by action taken after the meeting for organization

and before the filing of its articles with the State secretary. We think on the evidence before him the trial judge could find that State Rubber Co., Inc., in fact, was not organized before the filing of its papers on May 21, 1928; and that, at the date of these acceptances, George Applebaum, as an individual, was doing business under the name of State Rubber Co., Inc.

Our law has long been settled that one who does business under a trade name may be liable upon paper executed by him in that name. *Bryant* v. *Eastman*, 7 Cush. 111. G. L. (Ter. Ed.) c. 107, § 40, embodies this: "No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

Nor, in view of the finding, need we consider the liability of one who signs as agent for a nonexistent principal. This defendant is found to have accepted for himself in a form used by him as a trade name. We cannot go behind that finding.

*Order dismissing report affirmed.*