GUILFORD W. COLPITTS & another *vs.* L. C. FISHER
COMPANY & others.

Suffolk.    November 5, 1934. — January 10, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Frauds, Statute of.*

A corporation which was indebted to one of its employees on a note
made an assignment for the benefit of creditors. A new corporation
was formed to succeed to the business. An oral agreement was made
between the new corporation and the employee that if he would for-
bear enforcement of his note against the old corporation and would
permit its assets to be used to satisfy its other creditors, the new
corporation would employ him and would pay his note. Thereafter
the assets of the old corporation were sold and were transferred by
the purchaser to the new corporation, and the proceeds of the sale were
used to pay the creditors of the old corporation other than the em-
ployee. The employee forbore enforcing his note against the old
corporation and continued in the employ of the new corporation
until he was discharged. The new corporation did not pay his note.
It derived a benefit from such oral agreement. *Held,* that the prom-
ise of the new corporation to pay the employee's note was unen-
forceable by reason of the statute of frauds, G. L. (Ter. Ed.) c. 259,
§ 1, Second.

BILL IN EQUITY, filed in the Superior Court with a writ
in trustee process dated December 8, 1932.

The suit was heard by *Keating,* J. Material findings by
the judge are stated in the opinion. By his order there
was entered a decree in favor of the plaintiffs against the
defendant L. C. Fisher Co., Inc., and dismissing the bill
as against the other defendants. That defendant appealed.

*C. B. Cross,* for the defendant L. C. Fisher Co., Inc.

*J. R. Larkin,* for the plaintiffs.

LUMMUS, J. On March 21, 1932, the plaintiffs were
employees of the defendant L. C. Fisher Company, and
held its notes for money lent to it. Its indebtedness upon
notes was about equal to its indebtedness for merchandise.
On that day, that corporation decided to make an assign-
ment for the benefit of its creditors, and its officers with a

creditor named Bova decided to form a new corporation to be called L. C. Fisher Co., Inc., to succeed to the business. All the stockholders of the new corporation agreed orally with the plaintiffs on that day that if the plaintiffs would not enforce their claims against the old corporation, but would let its assets be used to satisfy the merchandise creditors, the new corporation would continue to employ the plaintiffs and would pay the notes given them by the old corporation. The judge found that this arrangement conferred a benefit on the new corporation. The assignee for the benefit of creditors sold all the assets of the old corporation to Bova for $3,000, which was used to pay dividends to the merchandise creditors, and then Bova turned the assets over to the new corporation for a consideration. The plaintiffs forbore to enforce their claims against the old corporation, and continued in the employ of the new corporation until they were discharged, but their notes have not been paid.

This bill was brought to require the new corporation, L. C. Fisher Co., Inc., to pay the notes. The final decree dismissed the bill as against the other defendants, but established liability against the new corporation, which appealed to this court.

The record shows that the first meeting of the new corporation was held on March 21, 1932, the date of the alleged agreement, but fails to show that on that date the articles of organization had been filed in the office of the "state secretary" so as to give the new corporation legal existence and capacity to contract. G. L. (Ter. Ed.) c. 156, §§ 11, 12. *Lennox* v. *Haskell*, 253 Mass. 334. *Falls Rubber Co. of Akron, Inc.* v. *Applebaum*, 286 Mass. 18. If we assume in favor of the plaintiffs, without so deciding, that a later adoption or remaking of the contract by the new corporation could be found (*North Anson Lumber Co.* v. *Smith*, 209 Mass. 333; *Washington & Devonshire Realty Co. Inc.* v. *Freedman*, 263 Mass. 554; *Shumaker* v. *Lucerne-in-Maine Community Association*, 275 Mass. 201, 204), the question remains whether recovery against the new corporation would not be precluded by the statute of frauds.

The new corporation sets up that any promise made by it was a "special promise to answer for the debt, default or misdoings of another,". upon which G. L. (Ter. Ed.) c. 259, § 1, provides that "No action shall be brought" in the absence of written contract or memorandum. This statute applies only to a promise made to the creditor (*Hawes* v. *Murphy*, 191 Mass. 469, 472, and cases cited), whereby the promisor purports to add his liability to a continuing liability on the part of a principal debtor. Williston, Contracts, §§ 466, 469, 475. If liability on the part of another never existed (*Alexander* v. *Dove*, 231 Mass. 362, 365; *Hammond Coal Co. Inc.* v. *Lewis*, 248 Mass. 499, 501; compare *Dexter* v. *Blanchard*, 11 Allen, 365; Williston, Contracts, § 454), or is extinguished by a novation (*Langdon* v. *Hughes*, 107 Mass. 272; *Curran* v. *O'Donnell*, 236 Mass. 357; *Slotnick* v. *Smith*, 252 Mass. 303; for the converse case, see *Dows* v. *Swett*, 120 Mass. 322; *S. C.* 134 Mass. 140), the promise is "original" and not within the statute. In the present case, the liability of the old corporation was not extinguished, but continued.

The question is, whether the case falls within a class of cases in which the essence of the transaction is a purchase of property or rights, or the obtaining of some other benefit, by the promisor from the promisee, and the payment of the continuing debt of a third person in accordance with the promise is merely incidental and not the real object of the transaction. The leading case is *Williams* v. *Leper*, 3 Burr. 1886, and the leading cases in Massachusetts are *Nelson* v. *Boynton*, 3 Met. 396, and *Curtis* v. *Brown*, 5 Cush. 488. The later case of *Harburg India Rubber Comb Co.* v. *Martin*, [1902] 1 K. B. 778, is illuminating. The reasoning is not unlike that by which a contract to manufacture goods especially for the buyer is deemed not to be a contract for the sale of goods, although incidentally a transfer of title must result. *Goddard* v. *Binney*, 115 Mass. 450. *M. K. Smith Corp.* v. *Ellis*, 257 Mass. 269, 271.

Obviously, the mere existence of consideration for the oral promise does not bring a case within this class. Consideration is required by general principles of contract, and

the statute of frauds would add nothing to the law if the statute should be satisfied as soon as consideration is shown. *Nelson* v. *Boynton,* 3 Met. 396, 399, 400.   *Crowley* v. *Whittemore,* 255 Mass. 99, 103.   Even consideration which is not only a detriment to the promisee but also a benefit to the promisor, is not enough to take a case out of the statute. *Curtis* v. *Brown,* 5 Cush. 488, 492.   *Furbish* v. *Goodnow,* 98 Mass. 296.   *Ames* v. *Foster,* 106 Mass. 400.   *Richardson* v. *Robbins,* 124 Mass. 105.   A promise by an owner (*Gill* v. *Herrick,* 111 Mass. 501; *Collins* v. *Abrams,* 276 Mass. 106; *Witschard* v. *A. Brody & Sons, Inc.* 257 N. Y. 97) or a mortgagee (*Ribock* v. *Canner,* 218 Mass. 5) of land, to pay a contractor what another owes him if he will finish the building according to his contract, has been held within the statute, although the owner or mortgagee obtains a benefit.   Williston, Contracts, § 481.   "A promise, upon which the statute of frauds declares that no action shall be maintained, cannot be made effectual by estoppel, merely because it has been acted upon by the promisee and not performed by the promisor."   *Brightman* v. *Hicks,* 108 Mass. 246, 248.

The rule established in the class of cases under discussion has often been stated as limited to cases in which the transaction "is in the nature of a purchase of property or of a property right."   *Carleton* v. *Floyd, Rounds & Co.* 192 Mass. 204, 206.   In *Ames* v. *Foster,* 106 Mass. 400, 403, Morton, J., said, "We think the authorities in this state have gone no further than to decide that a case is not within the statute, where, upon the whole transaction, the fair inference is, that the leading object or purpose and the effect of the transaction was the purchase or acquisition by the promisor from the promisee of some property, lien or benefit which he did not before possess, but which enured to him by reason of his promise, so that the debt for which he is liable may fairly be deemed to be a debt of his own, contracted in such purchase or acquisition."   The statements in *Dexter* v. *Blanchard,* 11 Allen, 365, 367, *Wills* v. *Brown,* 118 Mass. 137, 138, and *Crowley* v. *Whittemore,* 255 Mass. 99, 103, are to the same effect.   In *Paul*

v. *Wilbur*, 189 Mass. 48, 52, *P. Berry & Sons, Inc.* v. *Central Trust Co.* 247 Mass. 241, 245, and *Washington & Devonshire Realty Co. Inc.* v. *Freedman*, 263 Mass. 554, 560, the rule was stated in an abbreviated and possibly broader form, to the effect that the statute does not apply "where the promisor receives something from the promisee for his own benefit"; but that statement does not mean that any consideration running directly from the promisee to the promisor is enough unless the obtaining of such consideration was the real object of the contract. In *Harburg India Rubber Comb Co.* v. *Martin*, [1902] 1 K. B. 778, 786, Vaughan Williams, L. J., said, "In each of those cases [applying this rule] there was in truth a main contract — a larger contract — and the obligation to pay the debt of another was merely an incident of the larger contract. As I understand those cases, it is not a question of motive — it is a question of object. You must find what it was that the parties were in fact dealing about. What was the subject-matter of the contract? If the subject-matter of the contract was the purchase of property — the relief of property from a liability, the getting rid of incumbrances, the securing greater diligence in the performance of the duty of a factor, or the introduction of business into a stockbroker's office — in all those cases there was a larger matter which was the object of the contract. That being the object of the contract, the mere fact that as an incident to it — not as the immediate object, but indirectly — the debt of another to a third person will be paid, does not bring the case within the section." See also Am. Law Inst. Restatement: Contracts, § 184, excluding from the statute cases where the consideration for the promise to pay the debt of another "is in fact or apparently desired by the promisor mainly for his own pecuniary or business advantage, rather than in order to benefit the third person."

This court has never stated the rule more broadly than in the foregoing quotations from its own decided cases. In *Alger* v. *Scoville*, 1 Gray, 391, and *P. Berry & Sons, Inc.* v. *Central Trust Co.* 247 Mass. 241, the consideration was

a transfer of stock from the promisee to the promisor or his nominee. In *Paul* v. *Wilbur*, 189 Mass. 48, 52, a lawyer turned over legal documents, drawn for a client, upon the promise of his assignee to pay for the legal services. In *Washington & Devonshire Realty Co. Inc.* v. *Freedman*, 263 Mass. 554, a landlord accepted a corporation as tenant upon its promise to pay back rent owed by its predecessor. In *Manning* v. *Anthony*, 208 Mass. 399, and *Kahn* v. *Waldman*, 283 Mass. 391, a mortgagee forbore to foreclose upon the promise of the purchaser of the equity of redemption to pay the mortgage. In other cases, the holder of a lien forbore to enforce it upon the promise of the owner of the property to pay the debt. *Fish* v. *Thomas*, 5 Gray, 45. *Fears* v. *Story*, 131 Mass. 47. *Burr* v. *Wilcox*, 13 Allen, 269. *Wills* v. *Brown*, 118 Mass. 137. See *v. Downey*, 256 Mass. 47. See also *Mackin* v. *Dwyer*, 205 Mass. 472, 476. Compare *Jepherson* v. *Hunt*, 2 Allen, 417, 423.

In the present case, the continuance of the plaintiffs in the employ of the new corporation was not part of the consideration for its promise, but rather a benefit to the plaintiffs in addition to the promise. The plaintiffs never became parties to, or entitled to benefits under, the assignment for the benefit of creditors, so far as appears. They held no lien, and surrendered nothing to the new corporation. The direct beneficiaries of their forbearance were the old corporation and its creditors. Only indirectly was the new corporation aided. Under these circumstances the case does not fall under the rule which we have discussed. The promise is unenforceable under the statute of frauds. *Carleton* v. *Floyd, Rounds & Co.* 192 Mass. 204. *George Lawley & Son Corp.* v. *Buff*, 230 Mass. 21. *Harburg India Rubber Comb Co.* v. *Martin*, [1902] 1 K. B. 778. *Davys* v. *Buswell*, [1913] 2 K. B. 47.

*Final decree reversed.*
*Bill dismissed with costs.*