EDWIN C. PARKER *vs.* TRUSTEES OF THE SMITH CHARITIES.

Hampshire.    Sept. 16. — Oct. 27, 1879.    AMES & ENDICOTT, JJ., absent.

A mortgagee of land took out a policy of insurance on a building on the land, in which the mortgagor was named as the assured, but payable in case of loss to the mortgagee. By the terms of the policy, if the property was sold, the policy could be assigned to the purchaser with the assent of the company; otherwise, the insurance was to cease. The assured was to have the right to terminate the policy at any time, in which case the company could retain a proportionate rate of premium. After the policy had been in force three months, the mortgagee sold the land under a power contained in the mortgage. The policy was taken to the insurance company by the mortgagee, cancelled, and a new one issued to the purchaser, but the mortgagee gave no directions as to what should be done with the policy, and did not receive any rebate of premium. The mortgagor had knowledge of the policy before the sale. *Held*, that he could not recover of the mortgagee the amount of the rebate of premium.

SOULE, J.  The plaintiff by his declaration admits that the proceedings of the defendant corporation, in advertising and selling the land described in the mortgage to it, were in accordance with the terms of the power contained in the mortgage ; and seeks to recover an alleged surplus of proceeds of the sale, remaining after satisfaction of the mortgage debt and of subsequent mortgage debts, and the expenses incurred by the defendant for insurance and in making the sale and conveyance to the purchaser.  The defendant before suit admitted that a surplus of proceeds was in its hands, and tendered the amount which, in its opinion, was due.  The plaintiff claimed seventeen dollars and a half more than was tendered, and, on the refusal of the defendant to pay that additional sum, brought this action of money had and received for the whole surplus.  The controversy was as to this sum of seventeen and one half dollars.

The evidence showed substantially these facts : The defendant, acting under authority given by the mortgage, obtained from a fire-insurance company a policy on the buildings covered by the mortgage, running to the plaintiff, but made payable in case of loss to itself as mortgagee, as its interest might appear.  The policy was obtained without the knowledge of the plaintiff, but he was informed of it before the sale.  The premium was twenty dollars and fifty cents, and the term of the policy was five years.  The policy contained the following pro-

visions: "If the property hereby insured, or an undivided interest therein, shall be purchased by a third party, this policy may be assigned to such purchaser, or to the parties in interest, provided the company shall consent in writing hereon; otherwise, this insurance shall cease from the date of such purchase. If any person other than the assured shall have procured this insurance to be taken by the company, such person shall be deemed the agent of the assured, and not of this company. This insurance may be terminated at any time at the request of the assured, in which case the company may retain the customary short rates for the time the policy has been in force."

The sale of the premises under the power was made within three months after the policy was issued. A few days after the sale, of which the plaintiff had actual knowledge, the defendant's president took the policy to the office of the agent of the insurance company, and informed him of the sale, and asked what could be done with the policy, in reply to which the agent said it could be cancelled and a new one made to the purchaser. The president said, "Very well." He gave no directions about the disposal of the policy or the proceeds of it, and made no claim of property in the policy on behalf of the defendant. Before seeing the agent, he had told the purchaser that the defendant had nothing to do about the policy. The agent of the insurance company cancelled the policy to the plaintiff, and issued a new one to the purchaser of the mortgaged premises, in consideration of the old policy cancelled. The value of the premium on the unexpired term of the plaintiff's policy was seventeen dollars and fifty cents. The defendant, in accounting for the proceeds of the sale, charged the plaintiff with the whole premium paid, and did not credit him with anything on account of the value of the premium for the unexpired term when it was cancelled.

At the trial, the parties agreed that there was no fact in dispute, and the judge ordered a verdict for the plaintiff for the amount tendered by the defendant, and reported the case to this court; judgment to be entered on the verdict, if the ruling was correct; otherwise, for the plaintiff for the full amount claimed.

We are of opinion that the ruling was correct. The policy showed that the defendant had no interest in it, except as secu-

rity for what might be due it as mortgagee. The agent of the insurance company was seasonably informed that the property insured had been sold, and that the defendant declined to assume any responsibility as to the policy or its proceeds, if any. The sale and conveyance of the insured property avoided the policy, and, by its terms, the plaintiff was not entitled to recover of the insurance company a part of the consideration for the contract which he, acting through the mortgagee as his agent, had rendered inoperative. If the insurance company had seen fit to return to the defendant a part of the insurance premium, on account of the premature termination of the risk, it would have been a gratuity; but if the defendant had received the money, it would have been bound to account for it to the plaintiff. *Felton* v. *Brooks,* 4 Cush. 203. *Merrifield* v. *Baker,* 9 Allen, 29. But, as by the terms of the contract the plaintiff was not entitled to receive anything, and the defendant did not in fact receive anything, the plaintiff is not entitled to recover anything of the defendant because the insurance company chose to issue a new policy to the purchaser of the property, in consequence of the fact that the plaintiff's policy lost its vitality and became void early in the term for which it was issued. The fact that the value of the premium for the unexpired term of the plaintiff's policy was an ascertained and substantial sum does not affect the case. If the plaintiff had taken the action permitted by the terms of the policy, he could have obtained that sum. He could have surrendered the policy immediately before the sale and conveyance, with the consent of the defendant, or he could have sold the policy to the purchaser, and obtained the consent of the insurance company to the assignment. As he did neither, he cannot hold the defendant responsible for any loss he may have sustained in the matter. *Judgment on the verdict.*

*T. G. Spaulding,* for the plaintiff.

*C. Delano,* for the defendant.