## JOSEPH MILLEN *vs.* CITY OF BOSTON.

Suffolk.    March 2, 1914. — May 19, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Municipal Corporations,* Officers and agents. *Boston,* School house commission. *Waiver.*

The school house commissioners of Boston have no power without the concurrence of the mayor to waive a requirement of a contract between that city and one who is erecting a school house for the city, that orders for extras shall be in writing or shall be approved by the mayor.

CONTRACT for a balance of $1,138.80 alleged to be due to the plaintiff for ironwork done on the Brimmer School, in Boston, a part of the claim being for a balance of the contract price, alleged to be due, and a part for extras furnished.    Writ dated April 4, 1910.

In the Superior Court the case was tried before *Fox,* J.    The plaintiff introduced evidence tending to show that the extras were ordered orally by the architect in charge of the work for the school house commissioners, and that the commissioners had waived the requirements of the contract, described in the opinion, as to such orders being in writing or having the approval of the mayor.

At the close of the evidence, the judge ruled that, as there was no evidence of any written order for the extras and no evidence that the mayor had approved the plaintiff's claim for extras, the plaintiff could not recover therefor, and accordingly he ordered a verdict for the plaintiff only for the balance due on the contract with interest.

The jury accordingly found for the plaintiff in the sum of $319.36; and the plaintiff alleged exceptions.

*E. Greenhood*, (*J. Bon* with him,) for the plaintiff.

*W. P. Higgins*, for the defendant.

RUGG, C. J. This is an action of contract to recover a balance alleged to be due for work done on the Brimmer School building, partly under a written contract and partly claimed to be for extras. The only controversy relates to extras. The plaintiff entered into a contract with the defendant, executed on its behalf by the school house commissioners and approved by the mayor. The contract contained, among other provisions not now material, a clause to the effect that the work should be performed according to the specifications except "that the city, by order in writing of the architect . . . may change, increase or take away any part of the work, or change the specifications, plans, drawings, form or materials thereof, or require the contractor . . . to finish any extra labor relating thereto."

Article 3. "The contractor shall, within one week after any order shall be given as aforesaid, . . . deliver to . . . the architect copies of such order, . . . and of the items and cause thereof; and no sum shall be allowed on account of any such order, . . . unless a copy or a statement, as aforesaid, is so delivered to the officer and another to the architect, or the mayor shall approve the sum."

No written order was given by any one representing the defendant to the plaintiff for the extras for which claim now is made, and the mayor has not approved the extras.

Plainly the plaintiff has no remedy for the alleged extras under the terms of his contract. That contract has not been complied with in that no written order was given by the architect, neither did the contractor give any statement as required by Article 3 of the contract. Nor has the mayor approved the sum claimed for extras. The plaintiff cannot recover on the ground that the contract was modified or waived unless by showing that the parties to the contract have modified or waived its provisions. The representatives of the defendant in making this contract were not alone the school house commissioners, but the school house commissioners and the mayor acting together. As the plaintiff offered no evidence that the mayor had waived any terms of the contract,

he cannot recover on the ground of waiver. The school house commissioners are not, under the statute and the form of contract in the case at bar, clothed with power to waive the provisions of the contract without the concurrence of the mayor. This case is governed in principle by *Cashman* v. *Boston,* 190 Mass. 215.

*Exceptions overruled.*