WALTER G. BURNS & another *vs.* CAROLYN A. THORNDIKE.

Suffolk. November 16, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Building contracts, In writing. *Waiver.*

Where a building contract in writing contains a provision that "If any extra work is required, a price for the same must be agreed upon and approved in writing by the architect before such work is begun," the architect has no authority to waive the condition precedent of his approval in writing or to bind the owner by any oral order, and the contractor cannot recover from the owner for extra work and disbursements merely agreed to and approved by the architect orally.

CONTRACT upon an account annexed for a balance of $150 alleged to be due for the construction of a building at the corner of North Russell Street and Cambridge Street in Boston for the contract price of $23,500 with the following extras: Bond $63, Painting roof fences $15, Waterproofing basement $100, Plate glass insurance $14.33 and Fireproofing hall floors $30. Certain allowances and payments on account made the balance alleged to be due for the contract price and extras $150. Writ in the Municipal Court of the City of Boston dated May 13, 1915.

At the trial there was evidence tending to show that the plaintiffs and the defendant on June 10, 1914, entered into a contract in writing by which the plaintiffs agreed to provide all materials and perform all work for the erection of a certain building for the sum of $23,500 as shown on the drawings and provided in the specifications prepared by William G. Rantoul, architect. It was provided that the drawings and specifications should become a part of the contract.

Article II of the contract contained the following clause: "It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of the said Architect, and that his decision as to the true construction and meaning of the drawings and specifications shall be final."

The specifications contained, among others, the following clauses:

"The contractor, at his own expense, shall protect the owner by approved Surety Company's bond for the amount of the contract.

"In case of a discrepancy in figures, drawings or specifications, the matter is to be submitted to the Architect for adjustment.

"These specifications are not to be construed as a complete schedule of the work to be done, but all materials or labor called for or implied by either of them, or by the drawings, or required to make a complete or workmanlike job, in the opinion of the Architect, must be furnished or done the same as if here specified in detail.

"The General Contractor is to employ George H. Wetherbee, Engineer, 12 West St., Boston, to establish the lot lines and grades and the General Contractor is to follow these lines.

"If any extra work is required, a price for the same must be agreed upon and approved in writing by the Architect before such work is begun."

There was evidence tending to show that the plaintiffs provided all materials and performed all work for the erection of the building; that, when the plaintiffs submitted their figures for the erection of the building, the premium for the Surety Company's bond, provided for above, was $125; that the figures were not accepted and the contract executed until two or three months thereafter, and in the interim the premium for a Surety Company's bond had been raised to $188; that the architect directed the plaintiffs to charge the difference of $63 as an extra, and the premium of $188 was paid by the plaintiffs; that the painting of the roof fences was an extra, and the price of $15 for painting them was agreed upon orally between the plaintiffs and the architect, after which the plaintiffs painted the fences at the direction of the architect and charged it as an extra, that the architect asked the plaintiffs what they would charge to cover the entire basement floor with a layer of tar paper mopped in hot tar and over this put six inches of concrete composed of cement and gravel, that the plaintiffs said $100 and the architect told them to go ahead and do it and charge it as an extra, that the plaintiffs thereupon did it and that this was the item of extras called "Waterproofing basement;" that the architect orally directed the plaintiffs to insure the plate glass in the building and charge it as an extra, and the plaintiffs did insure the plate glass and paid the premium of $14.33 and charged the amount as an extra; that the architect asked the plaintiffs what they would charge to fireproof the hall floors, and the plaintiffs said $30 and the architect told them to go ahead and

do it and charge it as an extra, and the plaintiffs did it and charged it as an extra.

The judge of the Municipal Court found that the plaintiffs made the payments and performed the work described above, which were agreed upon orally and were approved orally by the architect.

The judge made the following statement of his decision: "But for the rule of law laid down in *Stuart* v. *Cambridge*, 125 Mass. 102, and supporting cases as to lack of power by the architect to waive a requirement in the specifications that the price for any extra work must be agreed upon and approved in writing by the architect before such work is begun, and for the fact that the failure of the architect to so approve in writing the prices for the extra work mentioned in this report was not personally waived or ratified by the defendant, I should have found for the plaintiffs for the amount claimed less two deductions, one of $2 for the cavity in the stair well in the basement and another of $2 for the fact that certain risers on the stairs projected above the stair floors, that is to say in the sum of $146."

The judge found for the defendant, and at the request of the plaintiffs reported the case to the Appellate Division. The Appellate Division made an order that the report be dismissed; and the plaintiffs appealed.

*W. H. Thorpe,* for the plaintiffs, submitted a brief.

*W. B. Grant,* for the defendant.

BRALEY, J. By the terms of the contract: "If any extra work is required, a price for the same must be agreed upon and approved in writing by the architect before such work is begun." It was not within the authority of the architect to waive this provision, and although he orally approved all extra work and the disbursements for which recovery is sought, the defendant never has waived the contract nor ratified his acts.

It follows that the plaintiffs cannot recover. *Stuart* v. *Cambridge*, 125 Mass. 102.

                    *Order dismissing the report affirmed.*