## J. AVERY GOULD *vs.* MARQUIS M. CONVERSE.

Suffolk.    March 27, 1923. — September 13, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions, Report. *Judgment,* Vacation. *Waiver. Contract,* What constitutes, In writing, Construction, Performance and breach.

A bill of exceptions filed by a defendant after the trial of an action in the Superior Court was dismissed under Rule 54 of the Superior Court (1915) and judgment for the plaintiff was entered. An execution not having been satisfied in whole or in part, a motion to vacate the judgment was filed within three months after the judgment without the filing of any bond and was allowed by consent and leave and the trial judge then reported the action to this court for determination of the correctness of those rulings at the trial to which the defendant had excepted. *Held,* that the case rightly was before this court on the report.

At the trial of an action for breach of a contract of sale, the plaintiff testified in his own behalf in chief as to negotiations with the defendant both before and after the writing of a certain letter to him by the defendant and was

cross-examined, and such testimony was susceptible of different inferences as to the provisions of the contract upon which he relied. He then was recalled by the defendant and testified that the letter referred to expressed the arrangement between him and the defendant as he understood it. *Held*, that the plaintiff was bound by the provisions of the contract as set forth in the letter, and, the defendant being bound by it as his own statement in writing, the letter must be taken to be the contract between the parties.

The construction of the contract contained in the letter above referred to was for the trial judge.

An action for the purchase price of the good will of a business of selling milk under a certain trade name was based upon a letter from the defendant to the plaintiff in substance as follows: ". . . in the event of being able to carry out the arrangements between myself and B to the satisfaction of both parties . . . I am to pay to you each month half of my additional return on certified milk over what I am getting from [a certain milk contractor] up to such time as I have turned over to you $1,000, this to be considered settlement in full." It appeared that the plaintiff had been selling milk under his trade name to B for nineteen cents per quart and that the defendant had been selling to the contractor for eleven cents per quart. The judge charged the jury that the contract meant that, if the defendant was able to deliver certified milk to B according to arrangements as the jury might find them already to have been made between the defendant and B, " then the defendant was to pay to the plaintiff monthly one half the difference between nineteen cents and the amount the defendant then was getting from the designated milk contractor up to the amount of $1,000, that is, of the additional return so received and not of the profits, and that comparative profits were not to be considered." *Held*, that there was no error in the construction put upon the contract by the trial judge.

Evidence at the trial of the action above described relating to arrangements between the defendant and B as to the production of certified milk by the defendant and the purchase of it by B, which were not anywhere specified in writing, related to quantities of milk sold, the amount of money paid, and the time during which their transactions continued, and furnished a reasonable basis for inferences favorable to the plaintiff in all these particulars. *Held*, that

(1) The evidence warranted findings that arrangements between B and the defendant had been concluded in a manner satisfactory to both of them;

(2) The mere fact, that as to some details there were disagreements between the defendant and B, did not as a matter of law prevent a finding that in general they were contented with their dealings;

(3) A refusal to order a verdict for the defendant was warranted.

CONTRACT for breach of an agreement, described in the opinion, for the purchase by the defendant of the good will of a business of selling " Ledyard Farm Certified Milk." Writ dated June 8, 1921.

In the Superior Court, the action was tried before *Wait*, J. The plaintiff testified in his own behalf in chief as to negotia-

tions with the defendant both before and after December 24, 1920, and was cross-examined. Later, he was recalled by the defendant's counsel and the following questions were asked and answers given:

" Q. At some time you had a conference with Mr. Converse and asked him to write a letter, or put something in writing as to the understanding between you and Mr. Converse; that is correct? A. I did, yes. — Q. And as the result of that conversation Mr. Converse wrote you that letter? [showing the witness the letter dated December 24, 1920, described in the opinion] A. Yes. — Q. That expressed, as you understood it, the arrangement between you and Mr. Converse? A. It did."

Other material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. He then asked for the following rulings:

" 1. Unless the jury find that the arrangement between Converse and Boyd was carried out to the satisfaction of both parties, the plaintiff cannot recover.

" 2. There is no evidence that the arrangement between Converse and Boyd was carried out to the satisfaction of both parties.

" 3. Until Converse obtained a profit from the sale of certified milk to Boyd greater than the profit he was obtaining from milk supplied to H. P. Hood Sons, Inc., there was no obligation to pay anything to Gould.

" 4. There is no evidence that Converse obtained a profit from the sale of certified milk to Boyd greater than the profit he was getting from the sale of milk to H. P. Hood, Sons, Inc.

" 5. In determining whether or not there was an increased profit to Converse as a result of any arrangements between Converse and Boyd, the jury must take into consideration the increased cost of certified milk over ordinary milk.

" 6. In determining whether there was an increased profit to Converse on account of any arrangement between him Boyd, the jury must take into consideration the expense incurred by Converse for alterations to his plant, and equipment before he could produce certified milk."

The rulings were refused. There was a verdict for the plaintiff in the sum of $1,029.23. The defendant alleged exceptions. Proceedings relating to the dismissal of the bill of exceptions, vacation of judgment and report of the action to this court are described in the opinion.

*R. L. Mapplebeck*, for the defendant.

*E. H. McDermott*, for the plaintiff.

RUGG, C.J. A bill of exceptions was seasonably filed in this case. It never was allowed and was dismissed under Rule 54 of the Superior Court (1915). Judgment was entered. A motion to vacate judgment was filed and allowed by consent and leave and the case was reported. It was agreed in open court that this motion was filed within three months after judgment. It is not contended that the execution was satisfied in whole or in part. No bond was filed. None appears to have been required by the court. G. L. c. 250, § 14. *Shour* v. *Henin*, 240 Mass. 240. Although there ought to have been a petition to set aside judgment entered as a separate proceeding, no objection can now be made to the allowance of the motion, since it was consented to. *Maker* v. *Bouthier*, 242 Mass. 20. The case is rightly before us on report. *Leland* v. *United Commercial Travelers of America*, 233 Mass. 558.

The action is in contract. There is evidence susceptible of different inferences as to the terms of the contract upon which the plaintiff relied. But he finally testified that the letter of the defendant of December 24, 1920, expressed the arrangement as he understood it. The plaintiff therefore is bound by the contract as there set forth. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. The defendant being bound by his own written statement, that letter must be taken to be the contract.

The subject matter of the contract was the transfer to the defendant by the plaintiff of his right to sell "Ledyard Certified Milk." It appears that the plaintiff as producer had sold certified milk under this designation to one Boyd at nineteen cents per quart. The defendant had been selling milk which he produced to H. P. Hood and Sons, Inc., at

eleven cents per quart. Having sold his herd, the plaintiff transferred his right to the use of the trade name to the defendant, who by said letter stated the terms of the contract in these words: " In regard to our arrangement covering the transfer of the right of the Ledyard Certified Milk, my understanding is that in the event of being able to carry out the arrangements between myself and Boyd to the satisfaction of both parties that I am to pay to you each month half of my additional return on certified milk over what I am getting from H. P. Hood & Sons, Inc., up to such time as I have turned over to you $1,000, this to be considered settlement in full."

Since the contract between the parties was in writing, its construction was for the court. The judge instructed the jury that the contract, interpreted in view of the evidence, meant that, if the defendant was able to deliver certified milk to Boyd according to arrangements as the jury might find them to have been already made between the defendant and Boyd, then the defendant was to pay to the plaintiff monthly one half the difference between nineteen cents and the amount the defendant then was getting from the Hood Company up to the amount of $1,000, that is, of the additional return so received and not of the profits, and that comparative profits were not to be considered. There was no error of law in this construction of the contract.

It might have been found as an inference from admitted facts that the existing arrangements between the defendant and Boyd were carried out to the satisfaction of both parties. The subject of these arrangements was the production of certified milk by the defendant and the purchase of it from him by Boyd. These arrangements were not anywhere specified in writing. It was for the jury to ascertain what they were and to decide whether they were carried out to the satisfaction of both parties from all the direct and circumstantial evidence. The quantities of milk sold, the amount of money paid, and the time during which their transactions continued, furnished reasonable basis for inferences favorable to the plaintiff in all these particulars.

Because as to some details there were disagreements between the defendant and Boyd, that did not prevent a finding that in general they were contented with their dealings.

It follows that a verdict in favor of the defendant ought not to have been directed, that the requests of the defendant for rulings were denied rightly, and that there was no error in the portions of the charge to which exceptions were taken.

*Judgment on the verdict.*