THOMAS J. COLLINS *vs.* HARRY ABRAMS.

Norfolk. May 13, 1931. — June 23, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Frauds, Statute of. Contract,* Validity. *Guaranty.*

Upon findings, in an action by a plumber for labor and materials, that the plaintiff had made a plumbing and heating subcontract with a general contractor who had made a contract with the defendant to construct a house; that the plaintiff stopped his work before it was completed because he thought the general contractor had become financially irresponsible; that the defendant orally agreed, in consideration of the plaintiff's finishing his work, to see that the plaintiff was paid; and that the plaintiff did not release the contractor from his liability to the plaintiff and did not accept the defendant as his debtor in place of the contractor, it was *held,* that the plaintiff was not entitled to recover, since the promise of the defendant was at most a promise to answer for the debt of another and, not being in writing, was unenforceable under the statute of frauds.

CONTRACT. Writ in the Municipal Court of Brookline dated February 6, 1930.

The action was heard in the Municipal Court by *Frost,* J. Material findings and rulings by the trial judge are stated in the opinion. He found for the defendant. A report to the Appellate Division for the Southern District was ordered dismissed. The plaintiff appealed.

*J. B. O'Hare,* for the plaintiff.

*M. N. Abrahamson,* for the defendant.

CROSBY, J. This is an action of contract brought to recover the sum of $279 for labor and materials furnished by

the plaintiff to the defendant.  Among other defences the statute of frauds was pleaded.  The labor performed and the materials furnished were for doing the plumbing and heating in the defendant's house by one Wason under a contract with the defendant by the terms of which Wason was to build the house for the defendant.  The plaintiff made a subcontract with Wason to perform the work and furnish the materials for the plumbing and heating, for which he was to be paid $1,475.  Before the plaintiff's work was completed he stopped work because in his opinion Wason had become financially irresponsible.  The plaintiff testified that as he was preparing to leave the house the defendant told him if he would finish the job the defendant would see that the plaintiff was paid.  The plaintiff further testified that the defendant paid for everything except the radiators and the labor of installing them, which amounted altogether to $279.  Upon conflicting evidence the trial judge found for the defendant, and also made the following findings of fact: "1. The defendant agreed, in consideration of the plaintiff's finishing the work, to see that the plaintiff was paid.  2. The plaintiff did not release Wason, the general contractor, from his liability to the plaintiff and did not accept the defendant as his debtor in place of said Wason."  At the request of the plaintiff the case was reported to the Appellate Division which found and decided that there was no prejudicial error in the rulings of the trial judge, and ordered that the report be dismissed.  From this order the plaintiff appealed.

It is recited in the report that the evidence reported "is all the evidence material to the issue sought to be raised."  As the evidence was conflicting it cannot be said that the findings of the lower court were unwarranted.  *Cohen* v. *Berkowitz,* 215 Mass. 68, 72.  The trial judge ruled that "The alleged promise of the defendant is at most a promise to answer for the debt of another and since not in writing is unenforceable because of the statute of frauds."  Upon the findings made this ruling was correct and in accordance with well established principles.  *Nelson* v. *Boynton,* 3 Met. 396.  *Dexter* v. *Blanchard,* 11 Allen, 365.  *Ames* v.

*Foster*, 106 Mass. 400.  *Carleton* v. *Floyd, Rounds & Co.*
192 Mass. 204.  *George Lawley & Son Corp.* v. *Buff,* 230
Mass. 21.  *Slotnick* v. *Smith,* 252 Mass. 303.

*Order of Appellate Division affirmed.*