CRANE CONSTRUCTION COMPANY *vs.* COMMONWEALTH.

Suffolk. March 4, 1935. — March 26, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Contract,* Construction, Performance and breach, Building contract. *Agency,* Scope of authority. *Architect.*

Where, during the progress of the work done under a building contract in writing, the architect sent a letter to the contractor requesting a price for certain extra work, in answer to which the contractor sent a letter quoting a price, and thereafter, in a letter to the contractor, the architect stated that the price was approved and that he would "go over this work on the site with" the contractor, it was apparent that the parties contemplated a conference on the site before the extra work was to be done, and the letters did not constitute a direction in writing to the contractor to do such work within the meaning of a provision of the contract that the contractor should do extra work "when and as directed in writing by the Architect."

Where, following the last of the letters above described, the contractor and the architect met on the site of the project and laid out the extra work, which the architect orally ordered the contractor to perform and which he thereafter did perform, but the contractor failed to furnish to the architect certain statements which he was required by one of the provisions of the contract to furnish if he "claims compensation for extra work not ordered" in writing by the architect, he was barred from recovering compensation for the extra work so performed by a further provision of the contract that "unless such statements shall be made as so required, his claim for such compensation shall be forfeited and invalid, and he shall not be entitled to payment on account of any such work."

The architect had no authority to waive the provision above described requiring the contractor to furnish the statements to the architect.

PETITION, filed in the Superior Court on February 1, 1934, and afterwards amended, described in the opinion.

The petition was heard without a jury by *Gray,* J., who found for the respondent with respect to the only claim pressed by the petitioner, and reported the petition for de-

termination by this court.   Material facts are stated in the opinion.

*W. Noyes,* for the petitioner.

*J. J. Ronan,* Assistant Attorney General, (*E. McPartlin,* Assistant Attorney General, with him,) for the Commonwealth.

CROSBY, J.   This petition arises out of the construction of a public building for the Commonwealth known as the Medical and Surgical Building of the Metropolitan State Hospital in the city of Waltham.   It was constructed by the petitioner under the provisions of a written contract with the Commonwealth dated December 22, 1931.   The case was heard by a judge of the Superior Court who made certain findings and reported the case to this court, all the pertinent evidence relating to the question of the respondent's liability being included in the report.   The report recites that the first claim set forth in the petition has been adjusted by the parties, and that the petitioner does not press the third claim.   The second claim is for blasting stone done as extra work.   It is stated in the petitioner's brief that the original contract for the erection of the building by the petitioner was for the sum of $239,900, and that the amount which the petitioner seeks to recover for blasting and excavating alleged to have been done as extra work under the contract is $37,304, with interest thereon from April 15, 1932.

Art. I (c) of the contract provides: "(c) Whenever the word 'architect', any pronoun or phrase in place thereof, is used, it is used as synonymous with the work [word?] 'Engineer', and Gordon Robb, architect is the person or firm referred to, and he shall perform the duties and exercise the rights herein conferred."   Art. XVII of the contract provides (in full): "The Contractor shall do any work not herein otherwise provided for, when and as directed in writing by the Architect or his agents specifically authorized thereto in writing, and shall, when requested by the Architects so to do, furnish itemized statements of the cost of the work ordered and give the Architect access to accounts, bills and vouchers relating thereto.   If the Contractor claims

compensation for extra work not ordered as aforesaid, or for any damage sustained, he shall, within one week after the beginning of any such work or of the sustaining of any such damage, make a written statement of the nature of the work performed or damage sustained to the Architect, and shall, on or before the 10th day of the month succeeding that in which any such extra work shall have been done or any such damage shall have been sustained, file with the Architect an itemized statement of the details and amount of such work or damage; and unless such statements shall be made as so required, his claim for such compensation shall be forfeited and invalid, and he shall not be entitled to payment on account of any such work or damage. The determination of the Architect shall be final upon all questions of the amount and value of extra work." Art. IV provides (in part): "All things, which, in the opinion of the Architect may fairly be inferred from the contract and plans are to be executed by the Contractor as a part of the contract."

On January 12, 1932, while the petitioner was excavating for the foundation of the building, it received a letter from Gordon Robb, the architect in charge of the work under the contract, as follows: "Re: Medical & Surgical Bldg. Met. State Hospital, Waltham  Please give us a price per cubic yard for blasting and removing certain shallow portions of ledge around the building. These portions will consist of one area to the North of the building extending out to the roadway and taking off the ledge to about grade 244; another area to the South East of the building and extending in all directions for a distance of about 50 feet from the building taking the ledge down to a grade of 253 to 254. The ledge removable at the North of the building should be done in order to permit finished grading to be done as soon as possible. All of the blasting mentioned should be done at this time, so that the possibility of injury to the building in the future will be avoided. There is also the possibility of blasting adjacent to the building for the sewer and we will advise you concerning this at an early date." On January 14, 1932, the petitioner responded as follows: "Medical &

Surgical Bldg. Met. State Hospital, Waltham   In answer to your letter of January 12, 1932 and also confirming telephone conversation of this date please be informed that our price for open rock excavation is Seven Dollars ($7.00) per cubic yard; for work in connection with grading at the above mentioned building." On January 18, 1932, the petitioner received another letter from the architect as follows: "Medical & Surgical Bldg. Met. State Hospital, Waltham   The Department of Mental Diseases has approved the price of $7.00 per cubic yard for additional rock excavation. The writer will go over this work on the site with whomever you designate. The Department approves the revision in the Entrance Platform."

The trial judge found that soon after the last letter was received by the petitioner, its representative and the architect met on the premises and staked out a line about fifty feet from the southerly end of the building and the architect orally directed the work to commence; that still later, the architect's representative orally directed the work to be extended to a line designated on the premises about seventy-five feet from the southerly end of the building; and that the work done by the petitioner was performed under the directions so given. The judge found that this work was extra work within the meaning of art. XVII of the contract, but also found that these letters clearly contemplated further conference between the architect and the petitioner before the work was to be done. He accordingly ruled that the letters did not constitute a direction in writing to do the work within the meaning of the first sentence of art. XVII, and that there being no written order for the work, the provisions of the second sentence of art. XVII applied. He further found that the contractor did not within one week after the beginning of the work make a written statement to the architect of the nature of the work performed and did not, on or before the tenth day of the month succeeding that in which the extra work was performed, file with the architect an itemized statement of the details and amount of such work. He ruled that the architect had no authority to waive this

provision of the contract, and that there was no evidence that it was waived. The judge states, "For this reason alone I found that the petitioner is not entitled to recover on its second claim." The case is reported to this court upon all the pertinent evidence relating to the question whether the respondent is liable for the extra work performed by the petitioner.

The three letters hereinbefore quoted comprise all the evidence on the question whether or not a written order for the work was given by the architect to the petitioner. Whether these letters constituted a direction in writing to perform the work was a question for the trial judge to determine in the first instance. *Lawrence* v. *Rosenberg*, 238 Mass. 138. *Devito* v. *Boehme & Rauch Co.* 239 Mass. 290. *Batchelder* v. *Brown*, 248 Mass. 217. The first letter written by the architect to the petitioner was merely an inquiry as to the price to be charged for certain blasting and removing certain portions of ledge around the building. The second letter in reply stated that the price would be $7 per cubic yard. The third letter, written by the architect to the petitioner, stated that the price of $7 per cubic yard had been approved by the department of mental diseases and further stated that "The writer will go over this work on the site with whomever you designate." We are of opinion that this letter did not constitute as matter of law a direction in writing to the petitioner to do the work, within the meaning of art. XVII, but properly construed had in view further conference between the parties after they had met on the site where the contemplated blasting was to be done, and the judge in substance so ruled. It is apparent that the letters did not constitute a completed contract before the parties met on the site and had a further conference. *Lyman* v. *Robinson*, 14 Allen, 242. *Stuart* v. *Cambridge*, 125 Mass. 102. *Young* v. *Titcomb*, 268 Mass. 14, 19. *Adler* v. *Safeguard Ins. Co.* 288 Mass. 409, 412, 413.

We are also of opinion that the finding of failure of the petitioner to make a written statement to the architect of the nature of the work performed, within one week after

the beginning of the work, and to file with the architect, on or before the tenth day of the month succeeding that in which the work was done, an itemized statement of the details and amount of such work as required by art. XVII of the contract, precludes the petitioner from recovery. It is plain that the architect had no authority to waive these provisions of the contract. *Burns* v. *Thorndike*, 228 Mass. 552. The finding of the judge that for this reason alone the petitioner was precluded from recovery on its second claim was correct.

Although it seems a hardship for the petitioner not to be able to recover for the extra work which apparently it performed in good faith, yet such failure results from its not obtaining from the architect or his agents written authority to perform the work, and from not complying with the other provisions of art. XVII of the contract.

It follows that the finding of the trial judge is affirmed.

*So ordered.*