GEORGE STEPHEN LEWIS *vs.* COMMONWEALTH.

Suffolk.    November 1, 1954. — December 2, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Architect.    Contract,* With architect.    *Law or Fact.*

The interpretation of an unambiguous written contract between the Commonwealth and an architect pertaining to building repairs and containing a provision for the payment of compensation to him for certain extra services if "ordered in writing" to perform them and "only when so ordered," and the question whether or not a written order given by the representatives of the Commonwealth to the contractor for extra work constituted an order in writing for the performance of extra services by the architect within such provision of his contract, were matters of law. [6]

Under a written contract respecting certain building repairs between the Commonwealth and an architect providing for payment of compensation to him in addition to the "base fees" upon his being "ordered in writing" by the representatives of the Commonwealth, "and only when so ordered," to perform extra services "due to fundamental changes in the bid plans," an order in writing given to the building contractor by the representatives of the Commonwealth, bearing the architect's written recommendation, for extra work due to such "fundamental changes" did not constitute an order in writing to the architect for his performance of extra services in connection with the changes within such provision of his contract, and he was not entitled to additional compensation even if his services were beneficial. [6–7]

PETITION, filed in the Superior Court on April 1, 1952.

The case was referred to an auditor and thereafter was heard and reported by *Morton,* J.

*John H. F. Calver,* (*Albert West* with him,) for the petitioner.

*John V. Phelan*, Assistant Attorney General, for the Commonwealth.

RONAN, J. This is a petition against the Commonwealth under G. L. (Ter. Ed.) c. 258 by an architect seeking to recover $3,792.65 compensation for extra services alleged to have been performed under a written contract entered into between him and the Commonwealth acting by its department of State superintendent of buildings, hereinafter called the department, and the Massachusetts public building commission, hereinafter called the commission, for architectural and engineering services in connection with repairs upon the roof of the State House. An auditor found for the petitioner in the sum of $2,968.21 less the sum of $204.54, or a net total of $2,763.67. A judge of the Superior Court found for the petitioner in the sum of $208.91, being the total with interest of an item of $59.50 which is not now in issue and another item of $147.36 for supervisory services in connection with certain work orders. The Commonwealth did not dispute the validity of this finding. The judge reported the case upon the stipulation that his finding of $208.91 should stand if he ruled correctly in excluding the work orders and granting certain requests of the respondent, otherwise this amount "should be increased by the sum of $2,763.67 which is the amount alleged to be due under said Article V" of the petitioner's contract with the Commonwealth.

The contract in Article II enumerated the various kinds of work the petitioner was to perform and in Article IV provided for his compensation based upon a percentage of the amounts payable to all the contractors in repairing the roof. During the course of the work seven written orders for extra work were given to the contractor. These orders were signed by the contractor, accepted in writing by the department, and approved in writing by the commission. All of these orders bore the written recommendation of the petitioner. The petitioner's compensation as to this class of work was provided for in Article V which was captioned "Extra Services and Special Cases" and in so far as now material read as follows: "If the Designer is ordered in ·

writing by the Department, with the approval of the Commission, and only when so ordered, to perform extra drafting or other services due to fundamental changes in the bid plans as required by the Department with the approval of the Commission . . . he shall be paid therefor, in addition to the base fees such amounts as may be approved by the Department and the Commission" on a certain basis, including drafting time, cost for prints of plans, and a certain amount per hour for the time devoted directly to the work by the petitioner.

We see no ambiguity in this written contract and its interpretation was a question of law for the judge, *Creighton* v. *Elwell,* 243 Mass. 580, 583, *Gould* v. *Converse,* 246 Mass. 185, 189, *Specialty Trading Co.* v. *A. C. Erisman Co.* 267 Mass. 220; and so was the question whether the written orders given for the performance of extra work by the contractor constituted any written authority to the petitioner to render extra services. *Crane Construction Co.* v. *Commonwealth,* 290 Mass. 249, 253.

The petitioner properly does not contend that the public officials who acted in behalf of the Commonwealth in executing the contract had any authority to waive the provisions of the contract. *Stuart* v. *Cambridge,* 125 Mass. 102. *Cashman* v. *Boston,* 190 Mass. 215. *Millen* v. *Boston,* 217 Mass. 471. There is no implied obligation upon the part of the Commonwealth to pay for the petitioner's services merely because they might have been beneficial, and in order to prevail he must prove that they were rendered in compliance with the terms of his written contract. *Boston Electric Co.* v. *Cambridge,* 163 Mass. 64, 68. *Douglas* v. *Lowell,* 194 Mass. 268, 275. *McGovern* v. *Boston,* 229 Mass. 394, 398. *Cook* v. *Overseers of the Public Welfare in Boston,* 303 Mass. 544, 547.

The petitioner never received any written order to perform the extra architectural services for which he now claims compensation. The auditor found that the extra work and changes made in the original contract with the contractor were fundamental in order to perform properly

all the work required to be done by the contractor, and the judge correctly granted the requests of the Commonwealth that the petitioner was not entitled to recover for services rendered due to such fundamental changes in the absence of a written order from the department approved by the commission and that the written orders given to the contractor for extra work cannot be construed as written orders to the petitioner to perform architectural services in connection with such work. The case is governed in its salient points by *Crane Construction Co.* v. *Commonwealth,* 290 Mass. 249. See *Gifford* v. *Commissioner of Public Health,* 328 Mass. 608. Compare *Howard* v. *Harvard Congregational Society,* 223 Mass. 562, involving a contract between private parties.

Decision is to be entered for the petitioner for the amount found by the judge, and the Commonwealth is to have costs from the date of that finding. *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495, 504.

*So ordered.*