## Southern District

### HAROLD L. BAKER CO., INC.

**v.**

### WILLIAM D. MELEDONES

*Present*: Nash, C.J., Cox, J.

Case tried to *Murphy*, J. in the First District Court of Barnstable, No. 21354.

*Cox, J.* In this action of contract the plaintiff (Baker) seeks to recover $1197.00 and interest for labor and materials. The defendant's answer was a general denial and, by amendment, he was allowed to plead the statute of frauds. There was a finding for the defendant. The plaintiff, claiming to be aggrieved by the denial of its request for rulings numbers 2 and 3, the justice reported the case for our determination. Request number 3 was waived at the hearing before us.

Request number 2 is that "The payment of the obligation of another is good consideration to support a new contract. *Zlotnick v. McNamara*, 301 Mass. 224." The justice denied this requested ruling, holding it to be inapplicable in view of his findings. He made comprehensive special findings.

It appears that the defendant, represented by an architect engaged by him to draw the plans and specifications and to supervise construction, entered into a contract with one Parker E. Hallett to construct a house in that area of the Town of Mashpee known as New Seabury for the sum of $19,982.00. The plaintiff Baker contracted with Hallett to do the masonry work for $3225.00. It could be found that the plaintiff commenced work on October 16, 1962 and billed Hallett on November 1 and December 1 for $1000.00 on each of those two occasions. Having received no payment from Hallett, Baker attempted

to contact Hallett and discovered that Hallett after receiving some money ($1900.00) had left the Commonwealth. The evidence most favorable to the plaintiff from then on was that Baker contacted the architect and after some discussion refused to continue on the job unless paid; that the architect communicated with the defendant who was agreeable to paying for the work done and for future work; that the plaintiff received two checks from the defendant, each for $1000.00 and each bearing the endorsement *"Received on account of contract with Parker E. Hallett for Meledones' house at New Seabury, Massachusetts"*. About a week later the plaintiff returned to the job and proceeded to complete all but the cement apron for the garage. The barbecue pit was redone according to the architect's instructions, which the plaintiff contends offsets the unfinished cement apron. There was evidence by the architect who corroborated the foregoing evidence to the extent that Baker refused to continue until paid and that the defendant Meledones had told the architect that he would pay Baker. It was upon the architect's advice that Meledones endorsed the two checks as above described "to protect myself."

The defendant never met nor talked directly with the plaintiff's representative at any time. He denied that he ever agreed to be liable for or to pay the balance due on the plaintiff's contract with Hallett. He testified that the architect came to him and said,

"We've got to get the chimney up. I advise you to pay Baker the $2,000.00 and when Hallett gets back, we'll straighten everything out." He denied that any extra work had been authorized. The barbecue pit was re-done because it was not according to specifications.

The justice found that the plaintiff completed 90% of its work. He found that the architect had no authority by any statement he may have made to the plaintiff to obligate the defendant to pay Hallett's debt and that even if the architect had made any such statement, which the plaintiff relied upon, that it comes within the statute of frauds, G. L. c. 259, §1. He held the defendant not liable. The justice also found that the barbecue pit was not an extra.

■ We see no error in the denial of the plaintiff's request number 2. The plaintiff cites in support of request number 2 the case of *Zlotnick* v. *McNamara,* 301 Mass. 224. The trial justice was right in holding that the request had no application to the case before him. The *Zlotnick* case stated the familiar rule that a written contract, including one under seal, before breach may ordinarily be varied or even discharged by a subsequent oral agreement between the same parties made on sufficient consideration.

■ "The release of one from the stipulations of the original agreement is the consideration for the release of the other; and the mutual releases are the considerations for

the new contract and are sufficient to give it full legal effect." (See now G. L. c. 106, §2-209 (2), (3).)

The court held in *Zlotnick v. McNamara,* 301 Mass. 224, that it could be found that the defendant was to be discharged from his original contract only if he did certain things which he did not do, and was not discharged by merely agreeing to do them.

In the instant case there was no contract found between plaintiff and defendant. Baker's contract was with Hallett and it has not been found that any new contract has been entered into between Baker and Meledones. Thus, the question of consideration raised in request number 2 is clearly inconsequential.

The real point which is involved was not raised directly by the plaintiff by an appropriate request for a ruling but was argued in its behalf. It relates to the statute of frauds which was pleaded by the defendant and held applicable by the justice. We reach the same conclusion even if the point had been raised by an appropriate request for ruling. G. L. c. 259, §1, provides, so far as applicable, that

"No action shall be brought . . . To charge a person upon a special promise to answer for the debt, default or misdoings of another. . . Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the par-

ty to be charged therewith or by some person thereunto by him lawfully authorized."

The plaintiff contends, in effect, that the statute of frauds does not apply because the owner Meledones, wishing the work completed, agreed to pay the plaintiff if it would proceed with the work, and that an agreement materialized between the plaintiff and owner under which the plaintiff is entitled to recover for the balance due it. The difficulty with the plaintiff's contention is that upon conflicting evidence the justice found otherwise. As the evidence was conflicting we cannot say that the findings were unwarranted.

The case before us is very much like that of *Collins v. Abrams,* 276 Mass. 106. In that case the plaintiff was the plumbing and heating sub-contractor for a price of $1475.00. He stopped work because of the contractor's irresponsibility. As he was leaving the house he testified that the defendant owner told him that if he would finish the job "the defendant would see that the plaintiff was paid." He further testified that the defendant owner paid for everything except the radiators and labor of installing them which amounted to $279.00. Upon conflicting evidence the judge made two special findings of fact, as follows: "1. The defendant agreed, in consideration of the plaintiff's finishing the work, to see that the plaintiff was paid. 2. The plaintiff did not release Wason, the general contractor, from his liability to the plaintiff and

did not accept the defendant as his debtor in place of said Wason." He ruled that "The alleged promise of the defendant is at most a promise to answer for the debt of another and since not in writing is unenforceable because of the statute of frauds." At the plaintiff's request the case was reported to the Appellate Division which found no prejudicial error and ordered that the report be dismissed, an order which the Supreme Judicial Court affirmed. As in *Collins v. Abrams,* so in this case, Baker had not released the general contractor and the defendant had bound himself to pay not more than $2000.00 for work already done. No new contract was found to have been made between Baker and Meledones.

From the report it is clear that the defendant never talked directly with Baker and that such statements as were made to Baker about payment were made by the architect. The justice was warranted in holding that the architect had no authority himself to make a new contract for the parties or to eliminate, abrogate or waive any of the terms of the existing contract between Meledones and Hallett. *Fred C. McClean Heating Supplies Inc. v. Jefferson Construction Co.,* 339 Mass. 356, 364. *Burns v. Thorndike,* 228 Mass. 552, 554.

The justice was not required to accept the architect's statement that the defendant said he would pay Baker for work done as well as work remaining to be done nor to

find a new contract between Baker and Meledones. Meledones denied that he ever agreed to be liable for or pay the plaintiff the balance due on the contract. The justice could accept Meledones' evidence as true.

Be that as it may, he was justified in holding that the architect had no authority to obligate the defendant to pay Baker for finishing the work and in further holding, that even if the architect had made a statement promising payment to Baker by Meledones, that such a promise was still within the statute of frauds. Even if he had been found to be the defendant's representative, the statute required a writing from the architect.

The endorsements on the two checks which the defendant accepted and cashed indicate convincingly that the plaintiff had not released Hallett from his contractual liability to him and was equally convincing evidence that no new contract was made between Baker and Meledones. *Collins v. Abrams,* 276 Mass. 106, 107.

The case is unlike those where it is found that an owner has orally agreed to pay a sub-contractor if he will complete his work, such cases being held to be new direct contracts and not oral promise to pay another's obligation. Such cases are held not to be within the statute of frauds. See *Hayes v. Guy,* 348 Mass. 754, in which *Collins* v. *Abrams* is distinguished. *Greenberg v. Weisman,* 345 Mass. 700, 702. *MacDonald v. Stack,* 345

Mass. 709. *Colpitts v. L. C. Fisher Co.,* 289 Mass. 232, 234.

As we find no reversible error, *an order should be entered dismissing the report.*

Robert W. MacDonald of Buzzards Bay, for the Plaintiff.

Simon Queen of Boston, and Maurice M. Goldman of Brewster, for the Defendant.