HAROLD L. BAKER CO., INC. *vs.* WILLIAM D. MELEDONES.

Barnstable. April 4, 1967. — May 1, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Contract,* Building contract. *Frauds, Statute of. Agency,* Scope of authority or employment, Architect.

A subcontractor on a building construction project, who, after the general contractor had abandoned the job, leaving the subcontractor unpaid, was paid a part of the subcontract price by the owner by checks marked "on account of contract with" the general contractor and substantially completed the subcontract work, could not recover the balance of the subcontract price in an action against the owner where it appeared that, even if the architect told the subcontractor that the owner would pay him and there was consideration for such a promise, the architect had no authority to obligate the owner and, further, that any such promise was within the statute of frauds, G. L. c. 259, § 1.

CONTRACT. Writ in the First District Court of Barnstable dated October 14, 1963.

The action was heard by *Murphy,* J. The plaintiff appealed from an order by the Appellate Division dismissing a report following a finding for the defendant.

*Robert W. MacDonald* for the plaintiff.

*Robert A. Welsh, Jr.,* for the defendant.

SPALDING, J. In this action of contract the plaintiff seeks to recover $1,197 together with interest for labor and materials. The judge made findings of fact.

From the findings of the judge and the evidence, most of which is not disputed, we summarize the facts as follows. The plaintiff was a subcontractor for masonry work on a house being built in the New Seabury area of Mashpee. The agreed price under the subcontract was $3,125. The defendant, for whom the house was being built, had a written contract with the builder, Parker Hallett. After the plaintiff had completed a part of the masonry work, a payment to him of $1,900 was authorized. Hallett was paid this sum by the defendant but never paid the plaintiff. Shortly thereafter Hallett left the job. The plaintiff then refused to continue his work unless he was paid.

The architect suggested that the defendant pay the plaintiff $2,000 in order that the work be continued in Hallett's absence. The defendant gave the plaintiff two checks, each in the amount of $1,000. On the back of each check the defendant wrote: "Received on account of contract with Parker E. Hallett for Meledones' house at New Seabury, Massachusetts." These indorsements were made on the advice of the architect. The plaintiff received one of the checks on December 29, 1962, and the other on January 3, 1963; both were cashed.

Hallett never returned to the job, and the house was not completed. The plaintiff, however, completed 90% of the masonry work. The plaintiff and the defendant never talked directly with each other. All negotiations were carried on through the architect. The architect testified that he told the plaintiff that the defendant would pay him. The defendant testified that he never "agreed to be liable for or pay the balance due on the contract."

The defendant's answer contained a general denial and pleaded the statute of frauds. G. L. c. 259, § 1.[1] The judge found for the defendant. He made subsidiary findings as

---

[1] The pertinent parts of G. L. c. 259, § 1, provide that, "No action shall be brought . . . [t]o charge a person upon a special promise to answer for the debt, default or misdoings of another . . . [u]nless the promise, contract or agreement . . . or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized."

follows: "I find that the architect had no authority to bind the [d]efendant by any statement he may have made to the sub-contractor whereby the [d]efendant would be obligated to pay Hallett's debt to the [p]laintiff, and I further find that even if he did make such a statement, and the [p]laintiff relied on it, . . . it comes within the statute of frauds, namely, G. L. c. 259, § 1, and the [d]efendant is not liable."

The plaintiff presented three requests, all of which were denied. The plaintiff claimed to be aggrieved by the denial of his second and third requests, and the case was reported. The Appellate Division, finding no reversible error, dismissed the report, and the plaintiff appealed.

The third request was not argued and we treat it as waived. The second request — and the only one to be considered — was: "The payment of the obligation of another is good consideration to support a new contract. *Zlotnick* v. *McNamara,* 301 Mass. 224." The judge denied it as inapplicable.

There was no error. The ultimate finding for the defendant was based upon two alternative subsidiary findings. The first of these (which was permissible on the evidence) — that the architect had no authority to obligate the defendant — was alone sufficient to support the ultimate finding, and the second request obviously had no application to it. Nor was the request applicable to the alternative finding that, even if there was a promise, it fell within the statute of frauds. It was implicit in this finding that any such promise was at most to answer for the obligation of Hallett and did not constitute a new direct contract between the plaintiff and the defendant. The mere existence of consideration does not take such a promise outside the statute of frauds. *Collins* v. *Abrams,* 276 Mass. 106. *Colpitts* v. *L. C. Fisher Co.* 289 Mass. 232, 234–235. Compare *Hayes* v. *Guy,* 348 Mass. 754.

*Order dismissing report affirmed.*