FRANCHI BROS. CONSTRUCTION CORP. *vs.* PATRICK ROSS. August 16, 1983. *Contract,* Performance and breach.

The defendant was the waterproofing, dampproofing, and caulking subcontractor in the construction of the Sandwich Junior and Senior High School. The subcontract followed the form set out in G. L. c. 149, § 44I(3), as in effect prior to St. 1980, c. 579, § 55, including the optional paragaph numbered 6. Certain of the defendant's work did not comply with contract requirements, and although given an opportunity to make amends, he failed to do so. Franchi, the general contractor, terminated the defendant's contract with justification and completed unfinished work and replaced defective work in part through independent contractors and in part through its own workmen. Some of that work was done prior to the termination; as to it Franchi was denied compensation because of its failure to comply with the notice provision of paragraph 4 of the subcontract, which reads: "The Contractor agrees that no claim for services rendered or materials furnished by the Contractor to the Subcontractor shall be valid unless written notice thereof is given by the Contractor to the Subcontractor during the first ten (10) days of the calendar month following that in which the claim originated." Compare *Crane Constr. Co.* v. *Commonwealth,* 290 Mass. 249, 253-254 (1935). The judge did credit Franchi, however, with the work done after termination, ruling that a lack of notice under paragraph 4 was not then a bar. This ruling was correct, both because the subcontract had come to an end due to the defendant's wilful breach (compare *C.C. & T. Constr. Co.* v. *Coleman Bros.,* 3 Mass App. Ct. 372, 375 [1975]), and because the services rendered by Franchi after the termination were not "services rendered . . . to the [s]ubcontractor" within the meaning of paragraph 4 but were instead services being rendered to the town, as owner, under the general contract. The defendant cites no case which holds to the contrary. Because, in accordance with the terms of paragraph 6 of the subcontract, the credits to Franchi for completing the defendant's work exceeded the balance due the defendant if he had performed the contract, a judgment for the balance entered in Franchi's favor, and the defendant was correctly denied counsel fees under the next-to-last paragraph of G. L. c. 149, § 29, inserted by St. 1972, c. 774, § 5 ("A decree *in favor of* any claimant . . . shall include reasonable legal fees. . ." [emphasis supplied]).

*Judgment affirmed.*

*Gayle Stone-Turesky (Jacob Stone* with her) for the defendant.
*Jerry E. Benezra* for the plaintiff.