ISRAEL LYMAN *vs.* ELLIOT I. LYMAN.

Franklin. Sept. 19. — Oct. 2, 1882. ENDICOTT, LORD & FIELD, JJ., absent.

An agreement by a grantee, in consideration of the conveyance of land, to support the grantor during his life, is not a contract for the sale of land or any interest therein, within the statute of frauds.

If a grantee, in consideration of the conveyance of land, agrees to support the grantor during his life, and breaks the contract, the grantor may maintain an action to recover damages for the breach, and is not obliged to declare for the value of the land.

MORTON, C. J. The plaintiff conveyed his land to the defendant, in consideration whereof the defendant orally agreed that he would support the plaintiff and his wife during his life. After furnishing support to the plaintiff for some time, the defendant refused further to support him. This action is brought to recover damages for this breach of the defendant's agreement.

The Superior Court rightly ruled that the agreement of the defendant was not a contract for the sale of land, or any interest therein, within the statute of frauds. *Basford* v. *Pearson*, 9 Allen, 387. *Trowbridge* v. *Wetherbee*, 11 Allen, 361. *Nutting* v. *Dickinson*, 8 Allen, 540.

The defendant asked the court to rule that the action could not be maintained, because " it was for the recovery of general

damages, and not for the value of the land." The court rightly refused this ruling. The defendant having broken his contract, the plaintiff can maintain this action to recover damages for the breach, and is not obliged to declare for the value of the land. There is nothing in the bill of exceptions to show that the proper rule of damages was not given to the jury.

*Exceptions overruled.*

*E. H. Lathrop*, for the defendant.

*C. C. Conant & S. D. Conant*, for the plaintiff.