## ANNIE LANE *vs.* GEORGE FLINT.

Middlesex.    January 14, 1914. — February 27, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Trust.    Contract,* What constitutes, Consideration.    *Frauds, Statute of.    Mortgage,* Of real estate.

A memorandum, signed by the holder of a mortgage on certain real estate and reading as follows: "It is hereby agreed by us that I am to foreclose the mortgage now held by me on the Farm now owned by A. L. for the purpose of Clearing the Title on the property and it also agreed that I am to pay over to A. L. the amount over the mortgage held by me of $3,500 to the amount of $6,500 when the Title is clear," is not a memorandum of a trust.

Where the holder of a mortgage upon certain real estate agrees to pay to the owner of the equity of redemption the difference between $6,500 and the amount due upon the mortgage if the owner of the equity will permit him to foreclose the mortgage, and the owner of the equity permits the foreclosure, a binding contract is made which is not within the statute of frauds.

CONTRACT, with a declaration in two counts, the first count containing allegations in substance that the defendant promised to pay to the plaintiff the sum of $3,000 if she would permit him to foreclose a mortgage which he held upon certain real estate owned by her; and the second count being upon an account annexed for $3,000, "money to be paid, by agreement of the defendant to the plaintiff and a promise to pay by the defendant to the plaintiff." Writ dated March 1, 1912.

The answer, as amended, set up, besides a general and a specific denial, a want of consideration and the statute of frauds.

The case was referred to Franklin T. Hammond, Esquire, as auditor, and, on the coming in of his report, was tried before *Fox,* J. The "paper dated January 23, 1906," and signed by the defendant, referred to in the opinion, was as follows: "It is hereby agreed.

by us that I am to foreclose the mortgage now held by me on the Farm now owned by Annie Lane for the purpose of Clearing the Title on the property and it also agreed that I am to pay over to Annie Lane the amount over the mortgage held by me of $3500.00 to the amount of $6500.00 when the Title is clear.  George Flint."

Other material facts are stated in the opinion.  The judge refused to order a verdict for the defendant.  The jury found for the plaintiff in the sum of $1,392.55; and the defendant alleged exceptions.

*E. I. Smith,* for the defendant.

*H. N. Allin,* for the plaintiff.

SHELDON, J.  The judge could not properly have ordered a verdict for the defendant.  There was evidence that the defendant, in consideration of the plaintiff's parol surrender of her rights to him, and her agreement that he might foreclose his mortgage and thus become the owner of all the interest in the property, promised to pay to her the difference between $6,500 and the amount due to him upon his mortgage note, which latter amount she claimed was $3,500, but which the jury have found to be a larger amount. The contentions of the parties were fairly submitted to the jury under instructions which were sufficiently favorable to the defendant.  The paper dated January 23, 1906, signed by the defendant, was on its face a memorandum of an agreement and not of a trust.  If, as the jury have found, the plaintiff's main contention was correct, the defendant's promise was made upon a valuable consideration.  It was a promise by him to pay the agreed value of her equity of redemption, which in effect she surrendered to him.  Such a promise is not within the statute of frauds.  *Trowbridge* v. *Wetherbee,* 11 Allen, 361.  *Lyman* v. *Lyman,* 133 Mass. 414:

The fact that in charging the jury the judge called the paper already mentioned a written agreement, and stated its effect as such, is not now material.  On his attention being called to the fact that it was declared on only as a memorandum or note of the agreement, he promptly and sufficiently corrected his error, and left it to the jury to determine, in the light of all the evidence and of the auditor's report, what the true agreement was.

None of the defendant's exceptions can be sustained.

*Exceptions overruled.*