Finding no prejudicial error the report is dismissed.

---

No. 3040          Northern          Essex, ss
BARTLEY, ALIAS BERTOGLI          (Jacob B. Bagdoian)
v. SMITH          (John H. O'Neil)

From the Second District Court of Essex—Viccaro, J.
Argued November 3, 1941—Opinion Filed December 15, 1941

---

. JONES, P.J. (Pettingell, & Sullivan, JJ.)—This is an action of contract in which plaintiff seeks to recover in three counts; count 1, for the sum of $112.50 with interest from Aug. 1938 for "money received by the defendant for the plaintiff's use"; count 2, that in Aug. 1938 the plaintiff was the owner of a certain lot of land in Amesbury; that the defendant claimed an interest therein; at that time plaintiff and defendant entered into an agreement in writing to sell their interest to the Town of Amesbury for $225.00, agreeing between themselves that the proceeds were to be divided between them equally; that defendant in accordance with said agreement with the Town of Amesbury received the said $225.00 and, despite a demand made by plaintiff refuses to pay the plaintiff one-half of such sum, namely $112.50; count 3 of plaintiff's declaration as amended (report states) alleges all of the facts found by the trial court.

After trial and the filing of a finding by the Court, defendant was allowed to amend her answer and to set up the statute of frauds, alleging that the contract upon which plaintiff relied, if proven, was an oral contract whereby the plaintiff agreed to a contract for the sale of an interest in land and that no memorandum in writing was signed by the defendant or by anyone in her behand duly authorized.

In the late summer of 1938 the parties acting under the belief that the plaintiff was the owner of a lot of land situated on Water Street in Amesbury and that the defendant was the owner of an adjoining lot of land, both of which the town of Amesbury desired to purchase, the defendant and the plaintiff made arrangements for the sale of the entire land to the Town of Amesbury for the aggregate sum of $225.00 and that the parties orally agreed that if the plaintiff would join the defendant in signing such an agreement the plaintiff and the defendant

[ 17 ]

would equally divide between them the sum of $225 when received.

The plaintiff and the defendant then jointly entered into a written agreement with the Inhabitants of the Town of Amesbury to convey to the town "all their right, title and interest in and to certain land owned by them and situated on Water Street in said Amesbury conveying good title to the same free and clear."

Later, defendant conveyed to the Town of Amesbury a certain lot of land (being the same premises aforesaid) situated on Water Street in Amesbury and received from the Town of Amesbury the sum of $225.00. Plaintiff did not join in this deed as grantor and it was further found that after the execution of said agreement and the execution of the deed by the defendant to the town that defendant became convinced that she was the sole owner of the land involved and refused to pay the plaintiff as agreed; that plaintiff fulfilled this agreement by signing the written agreement for the sale of said land in Amesbury on Water Street and should have received from the defendant one-half of the consideration of $225.00 as the proceeds of said sale.

The defendant's argument, on the merits of the case, is to the effect that the agreement at issue between them to sell to the Town is an agreement for the sale and transfer of the estate involved and is therefore an agreement within the statute of frauds which provides in effect that such a contract to convey must be in writing. We think, however, that the contract between the parties in this case was one outside of the agreement that was made to convey. It was an oral agreement, not to sell the real estate but one relating only to the consideration that was to be received from the sale of the real estate in question. This being so, we have there not an attempt to enforce an agreement made in relation to a sale of real estate, but simply an agreement relating only to the consideration to be received from a sale to be made. Therefore, the defendant's argument is not at all related to the motion which we are considering. We are considering whether or not an oral agreement, made before a written agreement is made, to sell real estate and which anticipates a consideration to be paid by a vendee under the written agreement is enforceable. In other words, whether or not an oral agreement may be made before a written agreement is made for a sale of real estate, that the consideration to be received from the latter sale be divided between the parties as they may stipulate. We think that the defendant is interpolating as a defense in this case an issue which is not involved and that the statute of frauds relied upon by her is not involved in any way. There is no doubt of the defendant's law quoted, that a verbal agreement for the sale of real estate is within the statute of frauds and as such it cannot be enforced, but this case is a distinct action upon an oral agreement made between the parties

as to what disposition shall be made of a consideration to be received from a sale of real estate.

The agreement for the sale in this case is distinct from the written agreement. The written agreement was an independent act on the part of the parties, and separate from this is the oral agreement in action as to how the consideration shall be divided and there is nothing in the statute of frauds which affects such a case. We think, therefore, the trial judge was justified in denying the defendant's rulings that he complied with the law in relation thereto when he said in effect that his finding of the facts warranted him in denying those requests for rulings made by the defendant.

Again it has been held the statute does not apply to the agreement of a mortgagee, that if the mortgagor would allow him to foreclose he would pay him the agreed value of her equity of redemption; *Love* v. *Flint,* 217 Mass. 96; *Downing* v. *Brennan,* 232 Mass. 535; nor to a trust concerning land which has been fully excavated. *Bailey* v. *Wood,* 211 Mass. 37. And again, in what is more nearly like the case at bar, where land has actually been conveyed or transferred under a verbal agreement and all that remains to be done is the payment of a pecuniary consideration, the part performance takes the contract out of the statute and payment can be enforced, notwithstanding that the contract in relation to the consideration was verbal. *Wetherbee* v. *Porter,* 99 Mass. 354, *Eastham* v. *Anderson,* 119, 526.

The finding of the court taken as a whole is not that by signing the agreement to sell to the town the plaintiff thereby "Became entitled to the sum of $112.50. It was by virtue of the oral agreement between the parties that the court decided the plaintiff entitled to the sum of $112.50.

Finding no prejudicial error, the report is dismissed.